### Díaz *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 101.—Resuelto en noviembre 10, 1911.

Partición de Herencia—Defensor Judicial de Menores—Compatibilidad de Intereses.—El esposo de una de las herederas del causante, que no es heredero, ni legatario, ni acreedor en la herencia del padre de su esposa, y en la cual interviene ésta por derecho propio sin necesidad del concurso de su marido, puede ser nombrado defensor judicial de los otros herederos menores de edad y hermanos de su esposa, sin que pueda decirse que existe incompatibilidad de intereses entre el citado defensor judicial y sus representados.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Rafael Arce.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Caguas la escritura de partición de bienes de Manuel Rivas Rodríguez, otorgada en 3 de enero del corriente año por su viuda Juana María Díaz y herederos del mismo, ante el Notario Rafael Arce Rollet, el registrador denegó su inscripción por medio de nota que textualmente dice así:

"No admitida la inscripción del precedente documento por el defecto de carácter, insubsanable de que Don Candelario Román a la vez que es esposo de la heredera Doña Florencia Rivas Díaz, concurre en la misma partición de herencia que se trata de inscribir, con el carácter de defensor de los menores Silverio, María, Agapito, Ramón, Maximino primero, Maximino segundo, Alfonsa, Julia, Valentín y Joaquina Rivas Díaz, y privando el artículo 230 del Código Civil de la representación que de sus hijos no emancipados, puede ostentar el padre o madre cuando haya intereses opuestos entre los de dichos padres y sus hijos, es claro que de tal representación deben considerarse excluídas también los parientes o extraños cuando tengan intereses opuestos a los de las personas que representen en el mismo asunto, en este concepto siendo los intereses de la heredera Doña Florencia Rivas Díaz, intereses propios de su marido Don Candelario Román, es visto que existe incompatibilidad entre sus propios intereses y los de los menores citados que el mismo defensor Don Candelario Román representa, y con presencia de otros documentos y de un escrito se ha extendido anotación preventiva por ciento veinte días, en cuanto a la porción de terreno adjudicada a Doña Juana María Díaz, al folio 67 del tomo 13 de Juncos, finca 583, anotación letra A, con el defecto además subsanable de no constar que la resolución de declaratoria de herederos referida en dicho documento haya quedado firme sin haberse interpuesto contra ella recurso alguno. Caguas, julio 26 de 1911. El Registrador, S. Abella Bastón."

Esa nota ha sido recurrida por la viuda de Manuel Rivas Rodríguez, y tal recurso es el sometido a nuestra consideración y decisión.

De la documentación que tenemos a la vista resulta:

1º. Que muerto Manuel Rivas Rodríguez en 24 de julio de 1908, la Corte de Distrito de Humacao por orden de 27 de

agosto de 1910 declaró herederos del mismo a sus legítimos hijos Florencia, Silverio, María, Agapito, Ramón, Maximino primero, Maximino segundo, Alfonsa, Julia, Valentín y Joaquina Rivas y Díaz, de los cuales sólo la Florencia es mayor de edad y casada con Candelario Román, siendo menores los restantes.

2°. Que la Corte de Distrito de Guayama por orden de 29 de septiembre de 1910 nombró defensor legal de dichos menores a Candelario Román, para que los representara en las operaciones de división y adjudicación de bienes de su difunto padre por la incompatibilidad existente entre los intereses de la madre y los de los menores.

3°. Que la viuda Juana María Díaz y Florencia Rivas Díaz, ambas por derecho propio, y Candelario Román con el carácter de defensor legal de los menores ya relacionados, procedieron mediante la escritura de que se deja hecho mérito a formalizar las operaciones de inventario, avalúo, división y adjudicación de bienes, los que representaron un valor de novecientos dollars, correspondiendo a la viuda en concepto de gananciales cuatrocientos cincuenta dollars, y a cada uno de los hijos herederos cuarenta dollars con noventa y un centavos, valores que les fueron adjudicados en bienes inmuebles.

4°. Que la partición de bienes fué aprobada por orden judicial de 17 de febrero de 1911.

Examinada la nota recurrida en relación con los hechos expuestos, no encontramos que exista la incompatibilidad de intereses en que se funda.

Florencia Rivas Díaz, esposa del defensor judicial Candelario Román, intervino por derecho propio en las operaciones divisorias de los bienes de su difunto padre, ejercitando el derecho que le reconoce el artículo 161 del Código Civil, sin que necesitara del concurso de su marido, y los bienes que se le adjudicaron en dichas operaciones son exclusivamente suyos, como adquiridos durante el matrimonio por título lucrativo, según el artículo 1314 del Código citado.

Como el Candelario Román no es heredero, ni legatario, ni

acreedor en la herencia de Manuel Rivas Rodríguez, y su esposa Florencia Rivas Díaz es la única llamada por la ley a representarse y defenderse en la partición de la herencia de su difunto padre, sin que tenga que representarla ni defendarla su esposo Candelario Román, no existe incompatibilidad alguna para que éste represente como defensor legal a los menores hijos de Manuel Rivas Rodríguez y se represente y defienda a sí misma Florencia Rivas Díaz. Candelario Román no tiene intereses propios que defender en el caso de que se trata, y falta por tanto la base de la incompatibilidad supuesta por el registrador.

En cuanto al defecto subsanable apuntado en la nota recurrida, no ha sido impugnado por la parte recurrente, y se sostiene por la certificación de la declaratoria de herederos expedida en la misma fecha en que fué dictada.

Por las razones expuestas entendemos que procede la revocación de la nota recurrida en cuanto se funda en supuesta incompatibilidad de intereses por parte de Candelario Román en relación con los menores que representa, y ordenamos se haga la inscripción solicitada con el defecto subsanable apuntado, si es que no se subsanare antes.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.