ALVAREZ ET AL., RECURRENTES, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción en parte de una escritura de partición de herencia.

No. 309.—Resuelto en junio 8, 1917.

SUMARIO DE LA OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SR. ALDREY, CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO SR. WOLF.

PARTICIÓN DE HERENCIA—INTERESES OPUESTOS—HEREDEROS REPRESENTANTES DE OTROS HEREDEROS—TUTOR HEREDERO.—La letra y la razón de la prohibición consignada en el artículo 230 del Código Civil para que el padre o la madre no puedan representar al hijo no emancipado, no es aplicable en una partición de bienes a los herederos que representan a otros herederos, porque entre éstos no existe el interés opuesto que tuvo en cuenta el legislador, sino que por el contrario tienen un interés común; por lo que, el sólo hecho de que el tutor de unos menores sea también heredero, no es motivo para que se entienda que tiene interés opuesto a los mismos y por ello haya de denegarse la inscripción de la escritura particional.

SUMARIO DE LA OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ PRESIDENTE SR. HERNÁNDEZ.

PARTICIÓN DE HERENCIA—HEREDEROS MAYORES Y MENORES DE EDAD—INSCRIPCIÓN DE ADJUDICACIONES A LOS MENORES DE EDAD—IMPUGNACIÓN POR LOS HEREDEROS MAYORES DE EDAD — INCOMPATIBILIDAD DE INTERESES — INSCRIPCIÓN DE ADJUDICACIONES A LOS MAYORES DE EDAD.—Inscritas en el registro de la propiedad las adjudicaciones hechas a herederos menores de edad en operaciones particionales en que concurren también herederos mayores de edad, quedan las inscripciones al amparo de los tribunales de justicia y producen los efectos legales correspondientes mientras no se declare su nulidad en juicio mediante gestión de los mismos menores, sin que pueda negarse la inscripción de las adjudicaciones hechas a otros herederos mayores de edad por el fundamento de incompatibilidad de intereses entre los menores y su tutor también heredero.

Los hechos están expresados en las opiniones.

Abogado de los recurrentes: *Sr. Francisco González.*

El registrador interino recurrido, Sr. Francisco Socorro, compareció en nombre propio.

OPINIÓN EMITIDA POR EL JUEZ ASOCIADO SR. ALDREY CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO SR. WOLF.

Los herederos de José Joaquín Alvarez practicaron extrajudicialmente las operaciones particionales de los bienes de-

jados por su causante a su fallecimiento. Los herederos menores de edad Ramón y Rafael Díaz Alvarez estuvieron representados en ellas por su tutor Isidro Alvarez Santiago, quien también es heredero, previa autorización que obtuvo de la Corte de Distrito de Humacao para intervenir en la partición.    Después de ser presentadas a la corte de distrito para su aprobación y obtenida ésta fueron presentadas esas operaciones particionales en el Registro de la Propiedad de Humacao donde se inscribieron las adjudicaciones hechas a los menores, y más tarde las de otros herederos; pero cuando posteriormente los herederos Eloy y Eugenio Alvarez Santiago pretendieron inscribir las adjudicaciones que en ellas se les habían hecho, el registrador les negó la inscripción fundándose en que adolecían del defecto insubsanable de haber estado representados dichos menores por un tutor que siendo también heredero tenía interés opuesto al de los menores, porque exigiendo el artículo 230 del Código Civil que cuando el padre o la madre tengan interés opuesto al de sus hijos no emancipados se les nombre a éstos un defensor para que los represente en juicio y fuera de él, ha de entenderse que tal disposición es aplicable también al tutor porque sería absurdo, dado lo terminante del precepto, que se concediera al tutor lo que se niega al padre, o a la madre, sin que pueda argüirse en este caso que el tutor estaba autorizado por la Corte de Distrito de Humacao para representar a dichos menores en la partición de la herencia porque tal autorización está en pugna con el precepto del citado artículo, según la resolución de este Tribunal Supremo de 20 de julio de 1910, que es el caso de *Sucesión Alvarez* v. *El El Registrador de la Propiedad,* 16 D. P. R. 602.

El solo hecho de que el tutor sea también heredero no es motivo a mi juicio para que se entienda que tiene interés opuesto al de los menores que representa y que por ello haya de denegarse la inscripción de la escritura particional.    Es cierto que la resolución de este Tribunal Supremo citada por

el registrador declara que un heredero no puede representar a otro heredero menor en las operaciones particionales de herencia porque tiene interés opuesto al de su pupilo, ya que naturalmente cada heredero procurará sacar el mayor beneficio posible en la partición, y que la resolución de la Dirección de los Registros de España de 20 de diciembre de 1883 hace igual declaración, aunque sin dar razones para ella.   Pero si estudiamos la letra y la razón de la prohibición consignada en el artículo 230 del Código Civil para el padre o la madre tendremos que concluir que no es aplicable a los herederos que representan a otros herederos porque entre éstos no existe el interés opuesto que tuvo en cuenta el legislador.

El cónyuge supérstite tiene claramente por declaración de la ley, un interés opuesto en la herencia del otro cónyuge al de sus hijos menores de edad no emancipados, porque debiendo deducirse sus gananciales de los bienes relictos para que se le adjudiquen en plena propiedad, mientras mayores sean, menor será el caudal divisible entre los herederos quienes por tanto, tienen interés común y opuesto al del cónyuge sobreviviente por cuya razón, teniendo en cuenta el legislador que en esos casos el padre o la madre era acreedor de la herencia y representante de los menores herederos y deudores, prohibió que los representaran.   Esa oposición de intereses de acreedor y de deudor no existe entre co-herederos quienes por el contrario tienen un interés común, y no vemos que por analogía deba serles aplicable aquel precepto legal.

No creemos tampoco que el heredero representante de otros herederos menores de edad tenga la posibilidad de sacar el mayor beneficio posible en la partición porque valorados los bienes hereditarios por peritos o por los propios herederos cada uno de éstos recibirá necesariamente la participación de bienes proporcional a la porción que le corresponda de acuerdo con la ley.

La resolución apelada debe ser revocada y ordenarse la inscripción.

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SR. HERNÁNDEZ.

Estoy conforme con la opinión de esta Corte Suprema en el caso de *Sucesión Alvarez* v. *El Registrador de la Propiedad*, 16 D. P. R. 602, pero entiendo que la incompatibilidad de intereses entre los menores de edad Ramón y Rafael Díaz Alvarez y su tutor Isidro Alvarez Santiago en las operaciones divisorias de los bienes dejados por su causante José Joaquín Alvarez, no obsta en el presente caso, atendidas las circunstancias concurrentes, a que se verifique la inscripción de las adjudicaciones hechas a los herederos Eloy y Eugenio Alvarez Santiago, habiéndose inscrito anteriormente en el registro las adjudicaciones hechas a los menores.

Esas inscripciones han quedado al amparo de los tribunales de justicia, *Rivera* v. *El Registrador,* 14 D. P. R. 758, y por tanto deben producir los efectos legales correspondientes mientras no se declare su nulidad en el correspondiente juicio mediante gestión de los mismos menores, sin que los interesados mayores de edad puedan impugnar las operaciones particionales por el fundamento de la incompatibilidad expresada, según el artículo 1269 del Código Civil, el cual establece que las personas capaces no podrán alegar la incapacidad de aquellos con quienes contrataron. Las operaciones particionales de los bienes de un difunto realizadas por varios herederos no envuelven solamente un contrato sino varios contratos.

Inscritas como han sido en el registro las adjudicaciones hechas a los menores de que se trata, el acto del registrador denegando la inscripción de las adjudicaciones hechas a otros herederos mayores de edad sin más fundamento que la incompatibilidad consignada por el registrador en su nota, dejaría pendientes los derechos de los mayores de edad de que los menores pidan o no la nulidad de sus adjudicaciones y consiguientemente la de su inscripción en el registro.

Comprendo que el registrador está en el deber de proteger los intereses de los menores negándose a inscribir adjudicaciones hechas a los mismos por adolecer de un vicio que a ellos

únicamente afecta, pero si tal vicio no afecta a los mayores de edad, y aun más, están incapacitados para alegarlo, la razón y la justicia aconsejan que se haga la inscripción relativa a los mayores, máxime cuando esa inscripción no ha de causar a éstos perjuicio ni estorbo en la defensa de los derechos que les asistan.

No sostengo que deban inscribirse operaciones particionales en casos como el presente, con relación a interesados mayores de edad cuando no se han efectuado o han sido denegadas las inscripciones de las adjudicaciones hechas a los menores, pues entonces es de aplicarse nuestra decisión en el caso ya citado de *Sucesión Alvarez* v. *El Registrador de la Propiedad*, pero cuando ya se ha hecho la inscripción de las adjudicaciones concernientes a los menores, opino que debe hacerse la inscripción de las adjudicaciones hechas a los mayores de edad.

Cuando las inscripciones hayan sido denegadas a los menores, éstos por medio de sus representantes legales se cuidarán de que se practiquen nuevas operaciones particionales o se ratifiquen las ya hechas, mientras que hecha la inscripción de las adjudicaciones de los menores, los mayores interesados nada podrían hacer, por la razón ya expuesta, para la práctica de nuevas operaciones particionales o ratificación de las ya hechas.

Por las razones expuestas llego a la conclusión de que la nota recurrida debe ser revocada, ordenándose la inscripción denegada.

> *Revocada la nota recurrida y ordenada la inscripción de la escritura particional de que se trata.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

Jueces disidentes: Sres. Asociados del Toro y Hutchison.

OPINIÓN DISIDENTE DE LOS JUECES ASOCIADOS SRES. DEL TORO Y
HUTCHISON.

A nuestro juicio es aplicable a este caso la jurisprudencia
establecida en el de la *Sucesión Alvarez* v. *El Registrador de
Caguas,* 16 D. P. R. 602, y aplicándola no cabe llegar a otra
conclusión que no sea la de la confirmación de la nota recurrida.