## JORDÁN *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 97.—Resuelto en junio 20, 1911.

PARTICIÓN DE HERENCIA—NOMBRAMIENTO DE DEFENSOR.—El nombramiento de un defensor procede cuando el menor no emancipado tenga en algún asunto un interés realmente opuesto al del padre o la madre.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo interpuesto contra resolución del Registrador de la Propiedad de Caguas. Presentada para su inscripción en el registro la escritura número 50 de partición de herencia otorgada por Josefa Jordán González y Anselma Ayuso, ésta como representante legítima de sus menores hijos Julio y Sara Jordán Ayuso, el 27 de marzo de 1911 ante el Notario Arce Rollet, el registrador se negó a inscribirla por los fundamentos que se consignan en la siguiente nota:

"No admitida la inscripción del precedente documento por los defectos de carácter insubsanables siguientes: 1°. En dicha escritura de partición se le adjudican a Don Ponciano Jordán Torres un condominio de la cuarta parte de una casa que ha heredado de su madre Doña Elvira González Serrano, su hijo Don Ramón Jordán González fundándose para ello en que este último ha fallecido el 23 de diciembre de 1898, sin dejar otra sucesión o herederos que su padre Don Ponciano Jordán Torres; pero como se ve, habiendo fallecido el expresado Don Ramón Jordán González después de su madre Doña Elvira González Serrano, dicho condominio debe inscribirse a nom-

bre del citado fallecido Don Ramón Jordán González, antes que al de su heredero y padre Don Ponciano Jordán Torres, según lo dispuesto en el artículo 20 de la Ley Hipotecaria vigente, el artículo 85 del Reglamento para la ejecución del dicha ley y según resolución de la Dirección de los Registros y del Notariado de 26 de noviembre de 1875, pues, no es posible que se involucre la herencia de Doña Elvira González Serrano con la de Don Ramón Jordán González; y 2°. que conviniendo en dichas particiones de bienes Doña Anselma Ayuso en el concepto de heredera testamentaria de su esposo en la herencia que a éste le correspondía en la sucesión de su hijo Don Ramón Jordán González, y además en la liquidación de los gananciales de la esposa de Don Ponciano Jordán Torres, nombradas Doña Elvira González Serrano, no podía la misma Doña Anselma Ayuso, como lo verifica, representar en dichas herencias los derechos de sus hijos Don Julio Marcial y Doña Sara Jordán Ayuso, constituídos bajo su patria potestad, por cuanto en las mismas herencias, existiendo derechos a favor de sus hijos como a favor de la propia Doña Anselma Ayuso, tales derechos constituyen intereses opuestos, por lo que los expresados menores deben estar representados por un defensor, con arreglo a lo que estatuye el artículo 230 del Código Civil; habiéndose extendido, con presencia de otros documentos, anotación preventiva por ciento veinte días al folio 96, vuelto del tomo 13 de este ayuntamiento, finca No. 669, anotación letra A, con el defecto además subsanable de no constar del testimonio respectivo, que la orden de declaratoria de herederos de Doña Elvira González Serrano y de Don Ramón Jordán González, hubiera quedado firme sin haberse interpuesto contra la misma recurso alguno. Caguas, 12 de abril de 1911. El Registrador. S. Abella Bastón.''

Del expediente resulta:

1°. Que Elvira González Serrano, hallándose casada con Ponciano Jordán Torres, falleció en Caguas el 2 de septiembre de 1894, sin otorgar testamento:

2°. Que en 7 de marzo de 1911, la Corte de Distrito de Humacao, declaró herederos abintestato de Doña Elvira, a sus legítimos hijos Ramón y Josefa Jordan González.

3°. Que Ramón Jordán González, falleció, sin otorgar testamento, en Caguas, el 23 de diciembre de 1898.

4°. Que en la misma sentencia de 7 de marzo de 1911, referida en el número 2°., la Corte de Distrito de Humacao.

declaró heredero de Ramón Jordán González a su legítimo padre Ponciano Jordán Torres.

5°. Que Ponciano Jordán Torres casó en segundas nupcias con Anselma Ayuso, y murió bajo testamento en Caguas el 31 de enero de 1904, instituyendo por sus únicos y universales herederos a su viuda Anselma Ayuso, a su hija del primer matrimonio Josefa Jordán González y a sus hijos del segundo matrimonio Julio Marcial y Sara Jordán Ayuso.

6°. Con tales antecedentes, se otorgó la escritura de partición de referencia por Josefa Jordán González, mayor de edad, hija del primer matrimonio, y Anselma Ayuso, en representación de sus menores hijos Julio Marcial y Sara.

Dicha partición comprende sólo una finca urbana situada en la ciudad de Caguas que procede de la sociedad de gananciales constituída por Ponciano Jordán Torres y Elvira González Serrano y que se adjudica así:

(*a*) Mitad de gananciales al viudo Jordán Torres;

(*b*) Cuarta parte al hijo Ramón Jordán González, y

(*c*) Cuarta parte a la hija Josefa Jordán González.

Los otorgantes del documento manifestaron además, que los bienes adjudicados al heredero Ramón Jordán González que, como ya se ha dicho, murió, se trasmitían por herencia a su padre Jordán Torres.

Consignados los anteriores hechos, examinaremos los fundamentos de la negativa, que son dos, a saber:

1°. Que no puede inscribirse a favor del padre Jordán Torres el condominio adjudicado al hijo Ramón, sin haberlo inscrito antes a favor del hijo.

Tal conclusión es correcta y la misma recurrente así lo admite, habidas en consideración las prescripciones del artículo 20 de la Ley Hipotecaria, pero la recurrente alega que ella solicitó ambas inscripciones y si esto es así, el registrador debió verificarlas y no negar la inscripción a favor del padre.

2°. Que debió haberse nombrado un defensor a los menores.

La recurrente alega que no existen intereses encontrados en este caso entre la madre y sus hijos.

Estudiemos los hechos.

Se trata de partir y se parten los bienes de Elvira González Serrano. No se trata de partir los bienes de Jordán Torres. En el primer caso el interés de la viuda no es encontrado con el de sus hijos, sino por el contrario de igual naturaleza. Todo lo más que ella pueda obtener que se adjudique a su esposo, será en beneficio tanto de ella como de sus hijos. Cuando llegue el momento de partir la herencia del esposo entre sus herederos testamentarios, que lo son, como ya se ha dicho, su viuda y sus hijos, entonces sí que existirán intereses encontrados entre ellos y será necesario el nombramiento de un defensor a los hijos menores de edad, de acuerdo con la ley.

En tal virtud el recurso debe declararse con lugar y ordenarse al registrador que inscriba la escritura de partición de que se trata, en la forma solicitada por la recurrente.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.