EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan José Crespo Rivera<br><br>   Recurrido<br><br>           v.<br><br>Pedro R. Cintrón Rivera, et al.<br><br>   Recurridos<br><br>Dorothy y Thomas Hill<br><br>   Parte interventora y<br>   peticionaria | Certiorari<br><br>2003 TSPR 62<br><br>159 DPR \_\_\_\_ |

Número del Caso: CC-2000-129


Fecha: 22 de abril de 2003


Tribunal de Circuito de Apelaciones:
                 Circuito Regional VII


Juez Ponente:
                 Hon. José L. Miranda de Hostos

Abogadas de la Parte Peticionaria:
                 Lcda. María Isabel Datiz Stevens
                 Lcda. Lillian Frattallone Martí

Abogada de la Parte Recurrida:
                 Lcda. Vera T. Peñagarícano


Materia: Partición y Autorización Judicial

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan José Crespo Rivera

    Recurrido

       v.

Pedro R. Cintrón Rivera, et al
                             CC-2000-129

    Recurridos

Dorothy y Thomas Hill

    Parte interventora y
    peticionaria

Opinión del Tribunal emitida por la Jueza Asociada señora NAVEIRA DE RODÓN

**San Juan, Puerto Rico a 22 de abril de 2003**

**Los hechos que originaron el recurso de epígrafe se exponen a continuación, según surgen de autos.**

**I**

**La Sra. Sandra Dee Hill y el Sr. Juan José Crespo Rivera contrajeron matrimonio el 10 de enero de 1992, para lo cual otorgaron capitulaciones matrimoniales donde establecieron el régimen de separación de bienes. De dicha unión nació el menor Juan José Crespo Hill, único hijo de la pareja. El 11 de febrero de 1996 la señora Hill, hija de los**

peticionarios Dorothy y Thomas Hill (en adelante esposos Hill), falleció víctima de un accidente aéreo.[1] El Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan, declaró como únicos y universales herederos de la señora Hill al menor Juan José Crespo Hill y a su cónyuge supérstite, el señor Juan José Crespo Rivera, en cuanto a la cuota viudal usufructuaria que por ley le corresponde.

Así las cosas, el señor Crespo Rivera radicó una petición de autorización judicial para la venta de la casa en la cual residía con su esposa fallecida, que pasó a ser propiedad del menor. El Tribunal de Primera Instancia, Sala Superior de Carolina,[2] celebró una vista evidenciaria a la que compareció la Lcda. Pilar de León, Procuradora de Relaciones de Familia, en representación del menor. El foro de instancia autorizó la venta del inmueble en pública subasta por el precio mínimo de $238,000.00.

El señor Crespo Rivera acudió al tribunal de instancia solicitando una enmienda a la orden autorizando la venta de la casa de su hijo. Alegó que no podía continuar pagando la hipoteca de $123,900.00 que gravaba la propiedad e informó que había una persona interesada en adquirir el inmueble por la cantidad de $225,000.00. Propuso al tribunal que para cumplir con el precio mínimo impuesto en la orden que autorizó la venta, él personalmente estaba dispuesto a pagar la diferencia de $13,000.00, los cuales

---

[1] El accidente en el que falleció la Sra. Sandra Dee Hill ocurrió en un avión propiedad de Hill Aviation, de la cual los esposos Hill son accionistas.

[2] El caso fue trasladado a Carolina por haberse depositado en dicha sala el producto de la venta del inmueble.

provendrían de la conmutación de su cuota viudal usufructuaria.

La Procuradora de Relaciones de Familia no tuvo objeción a lo solicitado, siempre que el señor Crespo Rivera depositara en el tribunal el dinero en beneficio del menor. El foro de instancia autorizó la venta de la casa por la cantidad de $225,000.00, aceptó la renuncia por parte del recurrido de los $13,000.00 que formaban parte de su cuota usufructuaria y ordenó que del producto de la venta se pagara la hipoteca que gravaba el inmueble y que el vendedor debía encargarse de los gastos de la compraventa. Además, autorizó al alguacil del tribunal a firmar la escritura de compraventa en representación del menor.

El 8 de abril de 1997 el señor Crespo Rivera presentó una moción en el tribunal de instancia en la que solicitó la división de la comunidad de bienes existente entre él y su difunta esposa y la partición de la herencia entre él y su hijo. Solicitó que el tribunal le concediera la cantidad de $41,581.17 por concepto de su cuota viudal usufructuaria y que se le concediera al menor la cantidad de $83,240.59, que sería depositada en un cero cupón en The Bank & Trust of Puerto Rico. Solicitó, además, que se le reconociera un crédito por los pagos de la hipoteca que gravaba el inmueble por la cantidad de $9,528.26. Dicho foro ordenó que la solicitud fuera notificada al Procurador de Relaciones de Familia.

Así las cosas, el Procurador presentó un informe en el que expuso que el señor Crespo Rivera no había depositado los $13,000.00 en el tribunal; que era necesario el nombramiento de un defensor judicial; y que dicho nombramiento debía recaer sobre un pariente del menor, preferiblemente de la línea materna. El señor Crespo Rivera solicitó que se nombrara al Lcdo. Pedro R. Cintrón Rivera como defensor judicial del menor. Luego de celebrar una vista evidenciaria, el tribunal de instancia nombró al licenciado Cintrón Rivera como defensor judicial del menor, con la oposición de la Procuradora de Relaciones de Familia.

El 22 de agosto de 1997 el recurrido presentó una nueva petición de división de la comunidad de bienes existente entre él y su difunta esposa, la partición del caudal relicto y el nombramiento del licenciado Cintrón Rivera como defensor judicial del menor. El 23 de diciembre de 1997 los esposos Hill, abuelos maternos del menor, radicaron una moción de intervención en el procedimiento relacionado con la autorización judicial en la cual alegaron que nunca se les notificó del procedimiento de nombramiento del defensor judicial de su nieto. Recomendaron al tribunal que nombrara como defensor judicial a un pariente de la línea materna, la destitución del licenciado Cintrón Rivera y, además, que el tribunal ordenara al señor Crespo Rivera el depósito de los $13,000.00.

El tribunal de instancia declaró con lugar dicha moción, permitiendo así la comparecencia e intervención de los abuelos maternos en todas las etapas del procedimiento. Luego de celebrar vista evidenciaria, dicho foro ratificó el nombramiento del licenciado Cintrón Rivera como defensor judicial del menor. Además, denegó el nombramiento de los esposos Hill como defensores judiciales por encontrar que existía un conflicto de intereses entre éstos y su nieto ya que estaban pendientes varios procedimientos judiciales. Éstos eran: (1) una petición de partición de herencia radicada en la Sala de Carolina (Civil Núm. FEX97-0207) por el señor Crespo Rivera, en la cual los abuelos maternos eran interventores; (2) una demanda en daños y perjuicios (Civil Núm. CDP96-0395), en la que figuraban como demandantes el señor Crespo Rivera y su hijo, contra Hill Construction Company, corporación de la cual los esposos Hill eran accionistas; y (3) una petición de relaciones abuelo filiales presentada por Thomas y Dorothy Hill (Civil Núm. DCU97-002). Finalmente, el tribunal de instancia ordenó al señor Crespo Rivera depositar, bajo apercibimiento de desacato, la cantidad de $13,000.00 a nombre del menor Juan José Crespo Hill. El señor Crespo Rivera depositó la cantidad ordenada por el tribunal.

El 11 de marzo de 1998 los esposos Hill presentaron una moción solicitando el nombramiento de un defensor judicial. Alegaron que el licenciado Cintrón Rivera no estaba autorizado a ejercer el cargo debido a que al haber sido nombrado defensor judicial en un procedimiento de

autorización judicial para la venta de un inmueble propiedad del menor, no podía ejercer dicho cargo en el procedimiento de división de comunidad y partición de herencia. Los esposos Hill alegaron que un defensor judicial solamente puede fungir como tal en un asunto determinado. Solicitaron que se nombrara como defensora judicial a la Sra. Mildred Marie Escudero Suárez, tía política y madrina del menor. El recurrido se opuso al nombramiento de la señora Escudero Suárez como defensora judicial ya que entre ella y el menor existía un alegado conflicto de intereses como consecuencia de la acción en daños y perjuicios instada por éste y el menor contra Hill Construction Company, corporación de la cual el esposo de la señora Escudero Suárez es vice-presidente.

Luego de varios incidentes procesales,[3] los esposos Hill solicitaron la desestimación de la demanda instada por el señor Crespo Rivera aduciendo que éste no tenía capacidad jurídica para presentar un juicio de partición de herencia en representación de su hijo. El señor Crespo Rivera alegó en su réplica que como usufructuario del caudal relicto tenía derecho a reclamar la partición de la herencia. El tribunal declaró no ha lugar la solicitud de desestimación radicada por los esposos Hill.

El 9 de febrero de 1999 el tribunal de instancia emitió una resolución mediante la cual resolvió que el

---

[3] Conviene señalar que en agosto de 1998, el tribunal ordenó la consolidación del procedimiento voluntario de autorización judicial con la acción civil de división de comunidad y juicio de partición (Civil Núm. FAC97-0773).

señor Crespo Rivera tenía derecho al 50% de los pagos de la hipoteca hechos en vida de la causante, sujeto a que acreditara con prueba documental la cuantía de éstos. Así las cosas, el demandante recurrido solicitó nuevamente al foro de instancia que ordenara el pago de $50,674.58 por concepto del crédito por los pagos de la hipoteca y de la conmutación de su cuota viudal usufructuaria. Los esposos Hill se opusieron a la solicitud alegando que dicha cantidad representaba una tercera parte del caudal hereditario perteneciente al menor.

Finalmente, el tribunal autorizó el pago de $41,146.42 como cuota viudal usufructuaria y un crédito de $9,528.16 por concepto de pagos de la hipoteca. Además, autorizó al defensor judicial a llevar a cabo la partición de la herencia.

Los peticionarios acudieron al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) alegando que el foro de instancia erró al autorizar el pago de $41,146,42 como cuota viudal usufructuaria; al reconocer un crédito a favor del señor Crespo Rivera por la cantidad de $9,528.16; y al determinar que el defensor judicial estaba autorizado para solicitar la partición de la herencia. Dicho foro determinó que los esposos Hill no tenían legitimación activa para solicitar la revisión del dictamen del tribunal.

Inconformes, los peticionarios acudieron ante nos mediante recurso de *certiorari* alegando la comisión de los siguientes errores:

1. Erró el Tribunal de Circuito de Apelaciones al resolver que los abuelos maternos del menor Juan José Crespo Hill, heredero único en el procedimiento de partición de herencia, no tienen legitimación activa para incoar [el] recurso de certiorari ante el Tribunal de Circuito de Apelaciones por no haber sufrido un daño directo y por no tener legitimación para invocar derechos de terceros.

2. Erró el Tribunal de Circuito de Apelaciones al resolver que los abuelos maternos del menor Juan José Crespo Hill, quienes no fueron notificados de vista alguna para la designación del defensor judicial, están impedidos de impugnar la designación de [sic] defensor judicial.

3. Erró el Tribunal de Circuito de Apelaciones al resolver que el menor Juan José Crespo Hill está debidamente representado y debidamente protegidos sus intereses por las actuaciones del defensor judicial, Lcdo. Pedro R. Cintrón Rivera, de recomendar la partición que el padre del menor desea en la herencia, cuando sólo le corresponde el usufructo y cuando dicha petición equivale a casi un tercio del caudal del menor.

Las partes han presentado sus alegatos y estando en posición de resolver, procedemos a así hacerlo.

II

Por estar estrechamente vinculados, discutiremos conjuntamente los señalamientos de error referentes a la legitimación activa de los esposos Hill para intervenir en el procedimiento de nombramiento del defensor judicial y su facultad para impugnar el mismo.

El ejercicio de la función revisora de los tribunales está gobernado por ciertas doctrinas de autolimitación que tienen su génesis en consideraciones prudenciales y en

requisitos constitucionales. Raúl Serrano Geyls, *Derecho constitucional de Estados Unidos y Puerto Rico*, Vol. I, Universidad Interamericana de Puerto Rico, 1997, pág. 195. Estas doctrinas dan vida al principio de justiciabilidad. Un asunto no es justiciable cuando: se trata de resolver una cuestión política; una de las partes carece de legitimación activa para promover un pleito; después de comenzado el litigio hechos posteriores lo tornan en académico; las partes pretenden obtener una opinión consultiva; y cuando se pretende promover un pleito que no está maduro. *Noriega v. Hernández Colón*, 135 D.P.R. 406, 421–22 (1994).

El requisito de legitimación activa para la justiciabilidad de una controversia ejerce la función primordial de asegurarle al tribunal que la parte promovente tiene un interés en la acción de tal índole que con toda probabilidad habrá de proseguir su causa de acción vigorosamente y que traerá a la atención del tribunal los asuntos en controversia. *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 413 (1982). El promovente de una acción debe demostrar: (1) que ha sufrido un daño claro y palpable; (2) que el daño es real, inmediato y preciso, no abstracto o hipotético; (3) que existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) que la causa de acción surge al palio de la Constitución o de una ley. *Colegio de Peritos Electricistas de P.R. v. A.E.E.*, res. el 22 de febrero de 2000, 150 D.P.R. _____ (2000), 2000 T.S.P.R. 28, 2000 J.T.S. 43; *García Oyola v.*

*J.C.A.*, 142 D.P.R. 532; *Hernández Torres v. Hernández Colón*, 129 D.P.R. 824, 836 (1992); *Fund. Arqueológica v. Depto. de Agricultura*, 109 D.P.R. 387, 392 (1980).

Cuando se cuestiona la legitimación de una parte para entablar un pleito, el juzgador debe tomar como ciertas las alegaciones del reclamante e interpretarlas desde el punto de vista más favorable a éste. Nuestra jurisprudencia ha interpretado de forma flexible y liberal los requisitos de legitimación activa durante las últimas décadas, ya que de lo contrario se les cerrarían las puertas de los tribunales a aquellas personas y entidades que han sido adversamente afectadas por actuaciones del Estado o de personas particulares y que presentan reclamaciones que pueden ser atendidas debidamente por el Poder Judicial. *Col. Ópticos de P.R. v. Vani Visual*, *supra*, en las págs. 564, 567 (1989).[4]

Debido a que la presente controversia está relacionada con el nombramiento de un defensor judicial y con cuáles personas están legitimadas para intervenir en dicho procedimiento, examinemos las normas sobre el particular.

El defensor judicial "es un tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a

---

[4]     *Véanse Asoc. de Maestros de Puerto Rico v. Secretario de Educación*, res. el 9 de mayo de 2002, 156 D.P.R. \_\_\_\_\_ (2002), 2002 T.S.P.R. 58, 2002 J.T.S. 64; *García Oyola v. Junta de Calidad Ambiental*, 142 D.P.R. 532 (1997); *Pacheco Fraticelli v. Cintrón Antonsanti*, 122 D.P.R. 229 (1988); *Solís v. Municipio*, 120 D.P.R. 53 (1987); *E.L.A. v. P.R. Tel. Co.*, 114 D.P.R. 394 (1983); *P.S.P. v. E.L.A.*, 107 D.P.R. 590 (1978); *Salas Soler v. Sria. de Agricultura*, 102 D.P.R. 716 (1974); *Cerame Vivas v. Secretaria de*

un menor en un pleito en específico". *R & G Premier Bank of Puerto Rico v. Valentín*, res. el 5 de noviembre de 2002, 158 D.P.R. _____ (2002), 2002 T.S.P.R. 143, 2002 J.T.S. 152; *Rivera Durán v. Banco Popular de Puerto Rico*, res. el 2 de octubre de 2000, 152 D.P.R. ____ (2000), 2000 T.S.P.R. 144, 2000 J.T.S. 156; *Fernández Martínez v. Tribunal Superior*, 89 D.P.R. 754, 758 (1964). Dicho nombramiento procede en virtud del poder de *parens patriae* que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de los menores e incapaces. *Santana Medrano v. Acevedo Osorio*, 116 D.P.R. 298, 301 (1985); *Ex parte Maldonado*, 42 D.P.R. 867 (1931).

La Regla 15.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, reconoce la facultad de los tribunales para nombrar un defensor judicial que represente a un menor de edad o a una persona incapacitada judicialmente en una causa de acción cuando lo juzgare conviente o estuviere dispuesto por ley. Por su parte, el Art. 160 del Código Civil, 31 L.P.R.A. § 617, establece que "[s]iempre que en algún asunto ambos padres o alguno de ellos tenga un interés opuesto al de sus hijos no emancipados, el Tribunal Superior nombrará a estos un defensor judicial que los represente".

El nombramiento del defensor judicial provisto en los casos donde los progenitores tengan un interés contrario al del menor constituye una excepción a las derechos y obligaciones que tienen los padres por ostentar la patria

---

*Salud*, 99 D.P.R. 415 (1970); *Asociación de Maestros v. Pérez*, 67 D.P.R. 849 (1947).

potestad de sus hijos menores no emancipados. Entre estas obligaciones se encuentra la de representarlos en cualquier acción que pueda redundar en provecho de los menores. Art. 153 Código Civil, 31 L.P.R.A. § 601; *Méndez v. Scn. Sella González*, 62 D.P.R. 345, 347 (1943). La representación mediante un defensor judicial es una de excepción que se fundamenta en los intereses opuestos de los padres y el menor. "El interés opuesto a que se refiere [el Art. 160] ha sido interpretado en el sentido de que exista una incompatibilidad de intereses sobre determinados bienes, por ser los padres y los hijos, por ejemplo, copartícipes de una misma herencia o, respectivamente, herederos y legatarios de la misma sucesión." *Guerra v. Ortiz*, 71 D.P.R. 613, 623 (1950). Se considera que como los intereses de los padres son incompatibles con los de sus hijos, éstos podrían actuar en menoscabo de los intereses de los menores.[5]

Ante tal conflicto, el Código Civil dispone que:

> **El Tribunal Superior** a petición de cualquiera de los padres, del mismo menor, del fiscal <u>o de cualquiera persona capaz para comparecer en juicio</u>, **conferirá el nombramiento de defensor al pariente del menor a quien en su caso correspondería la tutela legítima, y a falta de éste, a otro pariente o a un extraño.** Art. 160 Código Civil de Puerto Rico, *supra*. (Énfasis suplido.)

---

[5] Sobre la incompatibilidad de intereses entre padres e hijos, véanse *Pabón v. Registrador*, 75 D.P.R. 463 (1953); *Sucesión Álvarez v. Registrador*, 25 D.P.R. 372 (1917); *Jordán v. Registrador*, 17 D.P.R. 809 (1911); *Díaz v. Registrador*, 17 D.P.R. 1074 (1911).

Por su parte, el Art. 178 del Código Civil, 31 L.P.R.A. §

701, establece:

> En defecto de tutor testamentario nombrado por cualquiera de los padres, la tutela legítima de los menores no emancipados corresponderá a la persona que el tribunal designe de entre las personas mencionadas a continuación, teniendo en cuenta los mejores intereses y bienestar del menor:
>
> **(1)** A cualquiera de los abuelos.
>
> **(2) A cualquiera de los hermanos.**
> **(Énfasis suplido.)**

Finalmente, la Regla 21.2 de Procedimiento Civil, *supra*, reconoce legitimación activa a aquellas personas a quienes alguna ley les "confiere un derecho incondicional a intervenir" y cuando tienen "algún derecho o interés en la propiedad o asunto objeto del litigo". El nombramiento del defensor judicial se hará mediante petición bajo juramento. Art. 611 Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2666.

De las recién citadas disposiciones se colige que cualquier persona capaz para comparecer en juicio tiene legitimación para solicitar el nombramiento de un defensor judicial a un menor cuando los intereses de éste y de sus padres o uno de ellos están en conflicto. Estas disposiciones reconocen la legitimación de los esposos Hill, abuelos del menor Juan José Crespo Hill, e incluso la de un extraño, para intervenir en el procedimiento donde se nombró al licenciado Cintrón Rivera como defensor judicial de su nieto. El reconocimiento de legitimación activa a cualquier persona en este tipo de procedimientos propende a

la protección de los intereses del menor en cuanto a sus bienes, incluyendo la disposición y enajenación de éstos. Además, se espera que la intervención de estas personas contribuya a proteger el alto interés público con el que están revestidos los asuntos relacionados con menores de edad. *Galarza Rivera v. Mercado Pagán*, 139 D.P.R. 619, 638 (1995); *Martínez v. McDougal*, 133 D.P.R. 228, 231 (1993); *Guerra v. Ortiz*, 71 D.P.R. 613, 623 (1950).

La legitimación activa de los esposos Hill también queda evidenciada en los Arts. 160 y 178 del Código Civil, *supra*, que establecen que se nombrará como defensor judicial a quien corresponda la tutela legítima. En el orden preferencial establecido para tal nombramiento se encuentran los abuelos en el primer lugar.[6] En tales casos, los abuelos intervendrán con el objetivo de salvaguardar los intereses del menor en la causa de acción. Indudablemente los abuelos tienen legitimación activa para intervenir en el procedimiento de nombramiento de un defensor judicial para su nieto cuando los intereses de éste y de sus padres están en conflicto ya que la propia ley les reconoce el derecho a intervenir.

Estas disposiciones que les conceden a los abuelos la facultad de fungir como defensores judiciales de sus nietos, y de intervenir en los procedimientos conducentes a tal nombramiento, forman parte de un esquema legislativo

---

[6] Aunque el Código Civil establece un orden preferencial, el nombramiento siempre debe recaer en la persona que vele por el bienestar y los intereses del menor de la forma más adecuada.

mediante el cual se ha reconocido el rol de los abuelos en la formación y el cuidado de sus nietos. Por ejemplo, mediante la Ley Núm. 182 de 22 de diciembre de 1997, se incorporó al Código Civil el Art. 152A, 31 L.P.R.A. § 591A, a los efectos de reconocerles a los abuelos el derecho a solicitar visitas a sus nietos cuando alguno de los padres haya muerto y en casos de divorcio, separación o nulidad del matrimonio. La Ley Núm. 9 de 19 de enero de 1995, conocida como la Ley de Adopción, 32 L.P.R.A. §§ 2699 *et seq*, reconoce el derecho de los abuelos biológicos del adoptando menor de edad, huérfano de padre, de madre o de ambos, a ser oídos en el procedimiento de adopción.

Por otro lado, los Arts. 143 y 144 del Código Civil, 31 L.P.R.A. §§ 562 y 563, establecen la obligación subsidiaria de los abuelos de alimentar a sus nietos cuando los padres no pueden proveerles alimentos a sus hijos, ya sea porque están física o mentalmente incapacitados para hacerlo o porque no cuentan con recursos económicos suficientes. *Piñero Crespo v. Gordillo Gil*, 122 D.P.R. 246, 252-53 (1988). En síntesis, las anteriores disposiciones se fundamentan en el reconocimiento de los abuelos en la sociedad puertorriqueña como una figura esencial en el desarrollo de sus nietos ya que "[c]omúnmente los abuelos se preocupan por la salud, la alimentación, el bienestar y la seguridad de sus nietos. Además, se esmeran en brindarles cariño, atención y orientación". *Alonso García v. Ramírez Acosta*, res. el 16 de septiembre de 2001, 155 D.P.R. _____ (2001), 2001 T.S.P.R. 126, 2001 J.T.S. 129.

**En virtud de lo anterior, resolvemos que** la propia legislación les ha reconocido legitimación activa a los abuelos para intervenir en los procedimientos de un defensor judicial para sus nietos cuando los intereses de los menores y de los padres sean claramente opuestos. **Los abuelos, además, tienen legitimación activa para impugnar el nombramiento del defensor judicial de su nieto ya que son los primeros llamados para ejercer el cargo en virtud de las disposiciones del Código Civil. Cuando el defensor judicial es escogido por el mismo padre, como ha ocurrido en la presente controversia, sin la notificación a los abuelos maternos y con la oposición de la Procuradora de Relaciones de Familia, se hace más patente la legitimación activa de éstos en aras de defender los intereses del menor. Por consiguiente, los esposos Hill tienen legitimación activa para instar el recurso de marras.**

**Por los fundamentos antes expuestos, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso para que éste resuelva en los méritos el recurso instado por los peticionarios.**

**MIRIAM NAVEIRA DE RODÓN**
**Jueza Asociada**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Juan José Crespo Rivera

    Recurrido

       v.

Pedro R. Cintrón Rivera, et al

                         CC-2000-129

    Recurridos

Dorothy y Thomas Hill

    Parte interventora y
    peticionaria

SENTENCIA

San Juan, Puerto Rico a 22 de abril de 2003

Por los fundamentos expuestos en la Opinión que antecede, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso para que éste resuelva en los méritos el recurso instado por los peticionarios.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado. El Juez Asociado señor Rebollo López no intervino. El Juez Asociado señor Rivera Pérez está inhibido.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo