Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOEL HERNÁNDEZ SANTOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400492 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Petición de Reconsideración<br><br>Caso Número:<br>PP-70-24 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

El recurrente, señor Joel Hernández Santos, comparece ante nos y solicita que ordenemos al Departamento de Corrección y Rehabilitación proveer los servicios de evaluación de optometría.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I**

El 22 de agosto de 2024, el recurrente compareció ante nos mediante el recurso de revisión judicial de epígrafe. En el mismo, en esencia, argumentó que el Departamento de Corrección y Rehabilitación no acogió su solicitud de remedios administrativos, a los fines de que se le sometiera a una evaluación por parte de un especialista en optometría. En consecuencia, nos solicita que proveamos para que el referido organismo actúe sobre su petición.

El 11 de octubre de 2024, el Departamento de Corrección y Rehabilitación compareció ante nos mediante *Escrito en Cumplimiento de Orden.* En virtud del mismo, notificó a este Foro que, el pasado 8 de octubre de 2024, el recurrente recibió el servicio

Número Identificador

SEN2024 _____

solicitado. En específico, el Procurador anejó al referido pliego copia de una *Certificación* con fecha del 11 de octubre de 2024, en la que se acreditó que, el 8 de octubre de 2024, el recurrente fue atendido en la Clínica del Centro Médico Correccional por el doctor Román.

Procedemos a expresarnos de conformidad con la norma que dispone del presente trámite en alzada.

**II**

Como norma, los tribunales sólo están llamados a atender asuntos de carácter justiciable. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010). La doctrina de justiciabilidad exige la adjudicación de casos o controversias genuinas entre partes opuestas, que tienen un interés legítimo en obtener un remedio capaz de afectar sus relaciones jurídicas, permitiendo, así, la intervención oportuna y eficaz de los tribunales. *Super Asphalt v. AFI y otro,* supra; *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 907 (2010); *ELA v. Aguayo*, 80 DPR 552, 584 (1958). Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida. *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 652 (2008). Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real. *Ortiz v. Panel F.E.I.*, 155 DPR 219, 251 (2001).

En virtud de lo anterior, se reconoce la doctrina de la academicidad como una vertiente del principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Como

norma, un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, 199 DPR 59, 73 (2017); *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935 (1993). De esta forma, los cambios fácticos acaecidos durante el cauce de determinado caso que tornen en ficticia su solución, tienen el efecto de privar de jurisdicción al foro judicial. *Super Asphalt v. AFI y otro*, supra, pág. 816. Por tanto, para que se pueda evaluar los méritos del caso, la controversia debe estar viva aun en las etapas de apelación o revisión. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999). Ante ello, es preciso concluir que el propósito de esta norma es evitar el uso inadecuado de los recursos judiciales y obviar la creación de precedentes innecesarios. *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

**III**

En su comparecencia ante nos, el Departamento de Corrección y Rehabilitación acreditó que el recurrente recibió el servicio solicitado, ello mediante la presentación de una *Certificación* con fecha del 11 de octubre de 2024, en la que se dio fe de que, el 8 de octubre de 2024, el recurrente fue atendido en la Clínica del Centro Médico Correccional. Dicha acción tuvo el efecto de tornar en ineficaz la controversia sometida a nuestra consideración, por lo que una expresión de nuestra parte al respecto constituiría un ejercicio fútil. Siendo así, no podemos sino resolver que carecemos de autoridad para entender sobre los méritos de la causa de autos, por lo que decretamos la desestimación del recurso de epígrafe.

**IV**

Por los fundamentos que antecede, se desestima el presente recurso de revisión judicial.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones