Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| DAVID RIVERA MARTÍNEZ<br><br>Apelante<br><br>v.<br><br>WILMARIE GARCÍA MORALES<br><br>Apelado | KLAN202500068 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Especializada en Asuntos de Familia y Menores de Bayamón<br><br>Caso Núm.: DO2024RF00023<br><br>Sobre: Custodia – Monoparental o compartida, alimentos – menores de edad |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece David Rivera Benítez (en adelante, apelante) mediante un *Recurso de Apelación,* para solicitarnos la revisión de la *Sentencia,* emitida y notificada el 27 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante tribunal de instancia y/o foro primario).[1] Junto al recurso, el apelante también presentó una *Solicitud de auxilio de jurisdicción.*

Mediante la *Sentencia* apelada, el foro primario desestimó la *Demanda* incoada por el apelante contra Wilmarie García Morales (en adelante, apelada), y le ordenó entregarle a la menor KDRG, hija procreada entre las partes, sin dilación de clase alguna, so pena de desacato. A su vez, autorizó a la apelada a regresar junto a su hija a su lugar de origen, cual es el estado de Massachusetts, y a que

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada 16.

Número Identificador

RES2025_____

cualquier controversia se resolviera en su estado de residencia. Ese mismo día, entiéndase, el 27 de enero de 2025, sobre el referido dictamen se presentó una *Solicitud Urgente de Reconsideración*, la cual, al momento en que se presentó el recurso apelativo, **no** había sido resuelta por el foro primario.[2]

Sabido es que un caso no es justiciable cuando se pretende promover un pleito que no está maduro.[3] Un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[4] A esos efectos, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[5]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[6] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

Dado a que en este caso está pendiente de ser atendida por el foro primario una solicitud de reconsideración, esta Curia no tiene facultad para revisar la *Sentencia* apelada. Por todo lo antes expuesto, nos es forzoso *desestimar* el recurso ante nuestra consideración, en consecuencia, no tenemos potestad para atender la *Solicitud de Auxilio de Jurisdicción*. Lo aquí resuelto en nada impide que una vez el foro de instancia atienda la solicitud de reconsideración, la parte que así lo entienda pueda presentar el recurso que estime.

**Notifíquese inmediatamente.**

---

[2] Véase SUMAC, a la Entrada 19.
[3] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).
[4] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[5] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[6] 4 LPRA Ap. XXII-B, R. 83 (C).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones