Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ARMANDO RODRÍGUEZ DÍAZ Y OTROS<br><br>Peticionarios<br><br>v.<br><br>CARLOS RODRÍGUEZ MOTA Y OTROS<br><br>Recurridos | TA2025CE00400 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Cobro de Dinero (vía ordinaria)<br><br>Caso Núm. BY2022CV03728 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

La parte peticionaria, Armando Rodríguez Díaz, U.S.I. Vending Puerto Rico, Inc. y Caribbean Coffee, Inc., comparece ante nos y solicita que se deje sin efecto la *Resolución* emitida y notificada el 26 de junio de 2025 por el Tribunal de Primera Instancia, Sala de Bayamón. Mediante la misma, el foro primario declaró *No Ha Lugar* la *Solicitud de Desestimación* presentada por la parte recurrida, Carlos Rodríguez Mota y Oro Enterprises, LLC. No obstante, determinó que la señora Reina Victoria Mota Rodríguez es una parte indispensable en el caso, por lo que extendió a la parte peticionaria un término de veinte (20) días para acumularla al pleito. De igual modo, en la referida *Resolución*, el foro *a quo* declaró *No Ha Lugar* la *Moción en Solicitud de Descalificación* presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, se expide el recurso de *certiorari* y se modifica la *Resolución* recurrida.

**I**

El 21 de julio de 2022, la parte peticionaria presentó la *Demanda* de epígrafe, en cobro de dinero en contra del señor Carlos

Rodríguez Mota, la señora Ilia Ramírez Martínez, la Sociedad Legal de Bienes Gananciales compuesta entre ambos y la corporación Oro Enterprises, LLC.[1] En la reclamación se alegó que la parte recurrida solicitó a la parte peticionaria varios préstamos de carácter personal, comprometiéndose a devolver las cantidades adeudadas. Según se expuso, la antedicha obligación no se cumplió. A tenor con lo aducido, la parte peticionaria reclamó el pago de una suma ascendente a $68,640.91, cantidad que, alegadamente, corresponde al principal adeudado. Además, tras plantearse que la parte recurrida había incurrido en una conducta temeraria al desatender múltiples gestiones de cobro realizadas con anterioridad de la presentación de la demanda, solicitó la imposición de $10,000.00 adicionales en concepto de costas, gastos y honorarios de abogado.

Por su parte, el 17 de octubre de 2022, la parte recurrida presentó su *Contestación a Demanda y Reconvención.*[2] En la misma, negó las alegaciones formuladas en su contra y expuso varias defensas afirmativas. Pertinente a la controversia ante nuestra consideración, articuló la defensa de falta de parte indispensable. Al abundar, afirmó que la señora Reina Victoria Mota Rodríguez constituía una parte indispensable en el pleito, por haber estado casada con el señor Armando Rodríguez Díaz, bajo el régimen de sociedad legal de bienes gananciales, y que la corporación Caribbean Coffee, Inc. se constituyó durante la vigencia de ese matrimonio. Por otro lado, sostuvo que existían capitulaciones matrimoniales con separación de bienes entre Carlos Rodríguez Mota e Ilia Ramírez Martínez y que, al no formularse alegaciones en

---

[1] La parte peticionaria acompañó su *Demanda* con una Declaración Jurada del señor Rodríguez Díaz.

[2] La parte recurrida acompañó su *Contestación a Demanda y Reconvención* con la Escritura Número Nueve sobre Capitulaciones Matrimoniales de Ilia Cristina Ramírez Martínez y Carlos Ramón Rodríguez Mota.

contra de esta última, la demanda debía ser desestimada sumariamente en cuanto a ella.[3]

En su *Reconvención*, el señor Rodríguez Mota alegó que los reclamos incoados por la parte peticionaria en su contra, respondían a un patrón de represalias desplegadas por su padre, por este haber apoyado a su madre, la señora Mota Rodríguez, en otros pleitos judiciales.[4]

Así las cosas, el 30 de octubre de 2023, la parte recurrida presentó una *Solicitud de Disposición de Ruego Pendiente por Falta de Parte Indispensable y Oposición a Entrada #80*.[5] En lo pertinente a la controversia ante nuestra consideración, reiteró su argumento sobre que la señora Mota Rodríguez constituía una parte indispensable en el pleito. En específico, planteó que, la señora Mota Rodríguez era copropietaria de Caribbean Coffee, Inc., de modo que, sin su intervención, la controversia no podía dilucidarse.

Transcurridos varios trámites procesales, innecesarios de pormenorizar, el 3 de abril de 2025 la parte peticionaria presentó una *Moción en Solicitud de Descalificación*.[6] Esbozó que el 23 de junio de 2023, con posterioridad a haber asumido la representación legal de la parte recurrida en el presente caso, la licenciada Mariela Maestre Cordero asumió la representación legal de la señora Reina Victoria Mota Rodríguez en otro pleito civil ante el Tribunal de Primera Instancia, con nomenclatura de BY2023CV03512. Sostuvo

---

[3] Mediante *Sentencia Parcial* emitida el 14 de agosto de 2023 y notificada el 15 de ese mismo mes y año, el Tribunal de Primera Instancia desestimó con perjuicio las reclamaciones existentes en contra de la señora Ilia Ramírez Martínez.

[4] Luego de que la parte peticionaria presentara una *Solicitud para Desestimar la Reconvención*, mediante *Sentencia Parcial* emitida y notificada el 25 de noviembre de 2024, el Tribunal de Primera Instancia desestimó la *Reconvención* presentada por la parte recurrida.

[5] La parte recurrida acompañó su *Solicitud de Disposición de Ruego Pendiente por Falta de Parte Indispensable y Oposición a Entrada #80* con la siguiente prueba documental: 1) Declaración Jurada suscrita por la señora Reina Victoria Mota Rodríguez; 2) captura de pantalla de los datos corporativos de Caribbean Coffee, Inc. y U.S.I. Vending Puerto Rico, Inc.; 3) Extracto de Acta de Matrimonio entre Armando Arístides Rodríguez Díaz y Reina Victoria Mota Rodríguez; 4) Escritura Número 35, sobre Acta Notarial; 5) "Gift Letter Certification"; 6) Resolución Corporativa sobre Regalía.

[6] Apéndice del recurso, Entrada Núm. 105.

que dicha representación dual resultaba incompatible con los deberes de lealtad y confidencialidad que impone el Canon 21 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 21, al crear la apariencia de impropiedad y la posibilidad de divulgación de información confidencial entre clientes con intereses jurídicos contrapuestos. En consecuencia, solicitó la descalificación de la referida licenciada.

En respuesta, el 23 de abril de 2025, la parte recurrida presentó su *Moción en Oposición a Entrada #105*. En la misma, sostuvo que no procedía la descalificación de la licenciada Maestre Cordero, toda vez que el alegado conflicto de intereses no se identificó con claridad, ni fue fundamentado con evidencia concreta que demostrara la existencia de una relación previa que diera lugar a confidencias protegidas o a un deber de lealtad en conflicto. Señaló que la carga de establecer la existencia de dicho conflicto recaía en la parte que lo promovió, y que no bastaba con alegaciones vagas o generalizadas para sostener una solicitud de tal naturaleza. Por lo anterior, solicitó al Tribunal que declarara *No Ha Lugar* la *Moción en Solicitud de Descalificación*.

Evaluados los planteamientos relacionados con la falta de parte indispensable y la solicitud de descalificación, el 26 de junio de 2025 el Tribunal de Primera Instancia emitió la *Resolución* recurrida. En la misma, concluyó que los bienes adquiridos durante la vigencia del matrimonio se presumen gananciales, por lo que los activos de Caribbean Coffee, Inc. correspondían en parte a la señora Mota Rodríguez. En consecuencia, resolvió que esta era una parte indispensable en el pleito. No obstante, declinó la solicitud de desestimación de la causa de acción y, en su lugar, concedió a la parte peticionaria un término de veinte (20) días para incluirla en el pleito como tercera demandada.

En cuanto a la solicitud de descalificación de la licenciada Maestre Cordero, el foro primario coincidió con la parte peticionaria en que la abogada no podía asumir de forma concurrente la representación legal de la parte recurrida en este caso y la representación legal de la señora Mota Rodríguez en otro proceso judicial. Sin embargo, razonó que, al no haberse configurado una representación simultánea y tomando en consideración la etapa procesal en que se encontraba el caso, no procedía la descalificación, por estimarlo una medida excesivamente onerosa para la parte recurrida.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 4 de septiembre de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En el mismo formula los siguientes planteamientos:

> Erró el Tribunal de Primera Instancia al resolver, ante una mera alegación y en clara violación del debido proceso de ley, que los activos de Caribbean Coffee, Inc. le pertenecen en parte a la señora Mota cuando el presente caso versa sobre una reclamación de cobro de dinero en contra de los demandados y los activos de Caribbean Coffee, Inc. no están en controversia.
>
> Incurrió en error manifiesto el TPI al concluir que es correcta la afirmación de los demandados de que la Sra. Mota tiene un interés en Caribbean Coffee, Inc., y por tanto es una parte indispensable.
>
> Incurrió en error manifiesto el TPI al no descalificar a la representación legal de los demandados, Lcda. Mariela Maestre [Collazo].

Por su parte, el 14 de septiembre de 2025, la parte recurrida compareció ante nos mediante *Notificación Sobre Renuncia y Relevo de Representación*. Mediante la misma, la licenciada Maestre Cordero nos informó que ya no ostentaba la representación legal de la parte recurrida y que dicha renuncia fue aceptada por el Tribunal de Primera Instancia el 12 de septiembre de 2025.

## II

## A

La Regla 16.1 de Procedimiento Civil establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. 32 LPRA Ap. V, R. 16.1. Parte indispensable es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *FCPR v. ELA et al.*, 211 DPR 521, 530-531 (2023); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 463 (2019); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 389 (2020). Por eso, el interés mutuo en cuestión tiene que ser de tal orden, que impida producir un decreto sin que se vea afectado. Ese interés común tiene que ser también real e inmediato, no uno futuro ni constitutivo de meras especulaciones. *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 390.

La doctrina interpretativa reconoce que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012). Así, al amparo de dicha premisa, se entiende que el alcance de la Regla 16.1, supra, forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley y la necesidad de que el dictamen judicial que en su día se emita, sea uno correcto y completo. *RPR & BJJ Ex Parte,* 207 DPR 389, 407 (2021).

**B**

La Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA sec. 3501 *et seq*, es el estatuto que dispone las pautas generales que regulan el sistema corporativo en nuestro ordenamiento jurídico. Como es sabido, las corporaciones poseen personalidad jurídica distinta y separada de la de sus dueños. C.E. Díaz Olivo, *Corporaciones*, Publicaciones Puertorriqueñas, San Juan, PR, 2005, págs. 11-12. Ello implica que, sus socios o accionistas, ordinariamente, no responden en su carácter personal por las deudas y obligaciones de la entidad. Artículos 1.02 (b)(5) y 12.04 (b) de la Ley Núm. 164-2009, 14 LPRA secs. 3502 y 3784. Además, las corporaciones están facultadas para demandar y ser demandadas bajo su nombre corporativo en cualquier Tribunal y participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género. Artículo 2.02 de la Ley Núm. 164-2009, 14 LPRA sec. 3522.

Referente a la controversia que nos ocupa, las entidades corporativas necesitan de ciertos instrumentos o agentes, en particular los directores y oficiales, para desarrollar las actividades necesarias para alcanzar sus objetivos. Véase, C.E. Díaz Olivo, *Corporaciones*, Publicaciones Puertorriqueñas, San Juan, PR, 1999, pág. 76. Sin embargo, al actuar en representación de la corporación, los directores y oficiales no se obligan personalmente, sino que obligan a la entidad. *Íd.*, pág. 275. **Esto quiere decir que las corporaciones tienen una personalidad jurídica distinta y separada de la de sus dueños, accionistas, miembros, directores u oficiales**. *Miramar Marine v. Citi Walk*, 198 DPR 684, 691 (2017).

**C**

Como norma, los tribunales sólo están llamados a atender asuntos de carácter justiciable. *Buxó Santiago v. ELA et als.*, 2024 TSPR 130, 215 DPR ___ (2024); *Super Asphalt v. AFI y otro*, 206 DPR

803, 815 (2021); *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014). La doctrina de justiciabilidad exige la adjudicación de casos o controversias genuinas entre partes opuestas, que tienen un interés legítimo en obtener un remedio capaz de afectar sus relaciones jurídicas, permitiendo, así, la intervención oportuna y eficaz de los tribunales. *Super Asphalt v. AFI y otro*, supra; *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 907 (2010); *ELA v. Aguayo*, 80 DPR 552, 584 (1958). Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida. *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 652 (2008). Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real. *Ortiz v. Panel F.E.I.*, 155 DPR 219, 251 (2001).

En virtud de lo anterior, se reconoce la doctrina de la academicidad como una vertiente del principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Como norma, un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, 199 DPR 59, 73 (2017); *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935 (1993). De esta forma, los cambios fácticos acaecidos durante el cauce de determinado caso que tornen en ficticia su solución tienen el efecto de privar de jurisdicción al foro judicial. *Super Asphalt v. AFI y otro*, supra, pág. 816. Por tanto, para que se pueda evaluar los méritos del caso, la

controversia debe estar viva, aun en las etapas de apelación o revisión. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999). Ante ello, es preciso concluir que el propósito de esta norma es evitar el uso inadecuado de los recursos judiciales y obviar la creación de precedentes innecesarios. *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

### III

En su recurso, la parte peticionaria plantea que el Tribunal de Primera Instancia incidió al concluir que los activos de Caribbean Coffee, Inc. pertenecen en parte a la señora Mota Rodríguez y, por consiguiente, esta ostenta un interés legítimo en la reclamación de cobro de dinero, lo que la convierte en una parte indispensable. Alega que dicha determinación constituye una aplicación errónea del derecho y una violación al debido proceso de ley, toda vez que los activos sobre los cuales versa la demanda no estaban en controversia ni guardaban relación directa con la participación de la señora Mota Rodríguez. Finalmente, plantea que el foro primario incidió al no acoger la solicitud de descalificación de la licenciada Maestre Cordero como representante legal de la parte recurrida, pese a que la abogada asumió la representación de intereses contrapuestos en otro procedimiento judicial. Habiendo examinado los referidos señalamientos, a la luz del derecho aplicable y de los hechos establecidos, resolvemos expedir el auto solicitado y modificar la *Resolución* recurrida. Nos explicamos.

Por estar íntimamente relacionados los señalamientos de error, discutiremos en conjunto, al igual que la parte peticionaria, los primeros dos señalamientos.

Tal cual esbozado en el derecho previamente expuesto, una parte indispensable es aquella de la cual no se puede prescindir, y cuyo interés en la controversia de que trate es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar

y afectar radicalmente sus derechos. *FCPR v. ELA et al.*, supra, págs. 530-531; *Rivera Marrero v. Santiago Martínez*, supra, pág. 463; *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 389. Por eso, el interés mutuo en cuestión tiene que ser de tal orden, que impida producir un decreto sin que se vea afectado. Ese interés común tiene que ser también real e inmediato, no uno futuro ni constitutivo de meras especulaciones. *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 390. No obstante, resulta preciso recordar que, nuestro Tribunal Supremo ha dispuesto que **las corporaciones tienen una personalidad jurídica distinta y separada de la de sus dueños, accionistas, miembros, directores u oficiales**. *Miramar Marine v. Citi Walk*, supra, pág. 691. Esta personalidad jurídica independiente les faculta para demandar y ser demandada bajo su propio nombre corporativo en cualquier Tribunal y participar en cualquier procedimiento judicial. Artículo 2.02(B) de la Ley General de Corporaciones, 14 LPRA sec. 3522.

Así pues, tomando en consideración la normativa jurídica aplicable, en el presente caso no existe justificación alguna para determinar que la señora Mota Rodríguez constituye una parte indispensable. Dicha figura tiene un alcance restringido y solamente puede ser invocada cuando la adjudicación de los méritos de un caso pueda perjudicar un interés real e inmediato de quien se encuentra ausente. No es suficiente, para configurar este interés, el que un accionista tenga un interés propietario en la corporación. En el caso ante nuestra consideración, la demanda de epígrafe versa sobre una reclamación en cobro de dinero incoada por varios demandantes, entre ellos la corporación *Caribbean Coffee, Inc.* No estamos, por tanto, ante una controversia en la que se dilucide la titularidad de los activos de dicha corporación, ni tampoco surge que esos bienes estén en riesgo de verse afectados por el resultado del pleito. Cabe destacar que Caribbean Coffee, Inc. está facultada

para demandar bajo su propio nombre corporativo, por ser una entidad con personalidad jurídica distinta y separada de la de sus accionistas, conforme al Artículo 2.02(b) de la Ley General de Corporaciones, 14 LPRA sec. 3522. Concluir lo contrario, conllevaría que toda acción incoada por o contra una corporación tuviese que incluir a todos sus accionistas. Siendo ello así, resulta forzoso concluir que erró el Tribunal de Primera Instancia al determinar que la señora Mota Rodríguez constituye una parte indispensable en la presente causa y, consecuentemente, extender un término de veinte (20) días a la parte peticionaria para que la acumulara en el pleito.

Finalmente, en su tercer señalamiento de error, la parte peticionaria plantea que incidió al no acoger la solicitud de descalificación de la licenciada Maestre Cordero. No obstante, en su comparecencia mediante *Notificación Sobre Renuncia y Relevo de Representación*, la licenciada Maestre Cordero nos informó que ya no ostentaba la representación legal de la parte recurrida y que dicha renuncia fue aceptada por el Tribunal de Primera Instancia el 12 de septiembre de 2025. Así pues, no podemos sino resolver que carecemos de autoridad para entender sobre los méritos del referido señalamiento por los cambios fácticos acaecidos que ocasionaron que la controversia traída a nuestra consideración perdiera su actualidad.

**IV**

Cónsono con los fundamentos que anteceden, se expide el recurso de *certiorari* y se modifica la *Resolución* recurrida, para dejar sin efecto la determinación del Foro primario en cuanto a la determinación de que la señora Mota Rodríguez constituye una parte indispensable en este caso. En consecuencia, se deja sin efecto la orden mediante la cual le concedió a la parte peticionaria un término de veinte (20) días para acumularla al pleito en calidad

de tercera demandada y se devuelve a dicho foro para que continúe con los procedimientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones