ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JRA ARCHITECTS & PROJECT MANAGERS, Recurrente, v. JUNTA DE SUBASTA DEL MUNICIPIO DE SANTA ISABEL, Recurrida. | KLRA202200668 | REVISIÓN procedente de la Junta de Subastas del Municipio de Santa Isabel. RFP Núm.: 2022-2023-01 (PR-CRP-00758) Sobre: impugnación de subasta. |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

El 19 de diciembre de 2022, JRA Architects & Project Managers (JRA) instó este recurso de revisión en el que solicitó que revocáramos la adjudicación de la Subasta Núm. 2022-2023-01 (PR-CRP-00758), emitida el 9 de diciembre de 2022, por la Junta de Subasta del Municipio de Santa Isabel (Junta de Subasta).

Mediante la referida adjudicación, la Junta de Subasta seleccionó a Vázquez Associates Ingenieros, PSC, como licitadora agraciada para el proyecto de renovación de la Plaza de los Trovadores. JRA señaló que la notificación de adjudicación de la subasta que emitió la Junta no cumplió con la normativa aplicable a los procesos de adjudicación de solicitudes de propuestas.

Luego de evaluar el recurso, y la solicitud de desestimación presentada por la parte recurrida, nos es forzoso **desestimarlo** por falta de jurisdicción.

I

El 13 de octubre de 2022, la Junta de Subasta publicó el aviso de la Subasta Núm. 2022-2023-01 (subasta) para brindar servicios de arquitectura e ingeniería para la renovación y mejora de la Plaza de los

Trovadores[1]. La parte recurrente, al conocer de la naturaleza de la notificación publicada, licitó en la subasta convocada.

El 7 de diciembre de 2022, se celebró la subasta y comparecieron los siguientes licitadores: Figueroa y Figueroa Arch., Vázquez Associates Ingenieros, PSC, Ingenium Professional Group, PSC, y JRA[2]. El 9 de diciembre de 2022, notificada en esa misma fecha, la Junta de Subasta otorgó la buena pro a Vázquez Associates Ingenieros, PSC[3].

No obstante, el 19 de diciembre de 2022, JRA acudió ante nos y solicitó la revisión de dicha determinación y solicitó que ordenáramos a la Junta emitir una nueva notificación que cumpliese con la normativa aplicable. Además, presentó una *Urgente solicitud al amparo de la Regla 61(1) y otros remedios*. JRA apuntó la comisión del siguiente error:

> La notificación enviada por la Junta de Subastas es contraria a la ley.

(Mayúsculas omitidas).

El 20 de diciembre de 2022, un panel hermano de este tribunal declaró sin lugar la *Urgente solicitud […]* y concedió un término hasta el 18 de enero de 2023, para que la Junta presentara su *Alegato en Oposición*[4].

El 17 de enero de 2023, la Junta de Subasta presentó una *Solicitud de Desestimación*. En síntesis, expuso que no era necesaria nuestra intervención, pues la controversia se había tornado académica. Esto, ya que la recurrida envió a los licitadores una nueva notificación de adjudicación de subasta el 17 de enero de 2023, conforme establece el *Código Municipal de Puerto Rico*[5].

---

[1] *Véase*, apéndice del recurso, a la pág. 1

[2] *Véase*, apéndice de la *Solicitud de Desestimación*, a las págs. 1-6.

[3] *Íd.*, a la pág. 4.

[4] *Véase*, Orden Administrativa Núm. OATA-2022-207.

[5] *Véase*, apéndice de la *Solicitud de Desestimación*, a las págs. 1-6.

## II

## A

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military*, 160 DPR 270, 277 (2003). No obstante, debido a la importancia de que las actuaciones de los tribunales sean dentro del marco de su jurisdicción, es una doctrina reiterada por el Tribunal Supremo que debemos ser celosos guardianes de la misma. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 369 (2002). Por lo tanto, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción sobre ella. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007).

El Tribunal Supremo ha expresado que un pleito se torna académico cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958). Es decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 281 (2010).

Además, resulta importante puntualizar que, por imperativo constitucional, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado*, 134 DPR 927, 935-936 (1993). Así pues, el propósito de la aludida doctrina evita el uso inadecuado de recursos judiciales. A su vez, la doctrina de academicidad da vida al principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

Por otro lado, al examinar si un caso es académico, se deben evaluar los eventos anteriores, próximos y futuros, para determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. En cambio, de no ser así, los tribunales están impedidos de intervenir. *U.P.R. v. Laborde Torres y otros I*, 180 DPR, a la pág. 281.

B

La Regla 83(B) y (C) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 – Desistimiento y desestimación

.        .        .        .        .        .        .        .

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;
(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
(5) **que el recurso se ha convertido en académico**.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

.        .        .        .        .        .        .        .

4 LPRA Ap. XXII–B, R. 83. (Énfasis nuestro).

III

Según expuesto, JRA señaló que la notificación enviada por la Junta de Subasta era contraria a la ley. Por su parte, la Junta de Subasta compareció ante nos y solicitó la desestimación del recurso por falta de jurisdicción. En síntesis, arguyó que, el 17 de enero de 2023, envió una

nueva notificación que cumple con los criterios establecidos en el *Código Municipal de Puerto Rico*.

A tenor con el marco jurídico anteriormente expuesto, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado*, 134 DPR, a las págs. 935-936.

Cual discutido, una vez JRA apercibió a la Junta de Subasta sobre el error en la notificación, la recurrida envió una nueva notificación, según los criterios establecidos en la Sección 13 del Capítulo VIII, Parte II del Reglamento 8873 de 19 de diciembre de 2016, conocido como *Reglamento para la Administración Municipal de 2016*. En virtud de ello, y conforme a lo dispuesto en la Regla 83 (B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, desestimamos el recurso del título por este haberse tornado académico.

IV

Por los fundamentos anteriormente expuestos, **desestimamos** el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones