Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **DIAZ PAUNETTO ARQUITECTOS, LLC**<br><br>Recurrente<br><br><br>v.<br><br><br>**DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO**<br><br>Recurrido | KLRA202300281 | **REVISIÓN ADMINISTRATIVA**<br>Procedente de la Junta de Subastas del Departamento de la Vivienda de Puerto Rico<br><br><br>Sobre: **Revisión de Adjudicación de Requerimiento de Cualificaciones para Ingenieros y Arquitectos CDBG-DRMIT-RFQ-2022-02** |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Candelaria Rosa y el juez Pérez Ocasio.

Pérez Ocasio, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

La parte recurrente, Díaz Paunetto Arquitectos, LLC, comparece ante nos para que revisemos el "*Aviso de Adjudicación",* emitido y posteriormente notificado el 8 de mayo de 2023, por el Departamento de Vivienda de Puerto Rico.

Por los fundamentos que expondremos a continuación, *se desestima* el recurso de revisión judicial por *academicidad.*

### II.

El 4 de noviembre de 2022, el Departamento de Vivienda de Puerto Rico, en adelante, Departamento, publicó el *"Aviso de Requerimiento de Cualificaciones"*, con número de subasta CDBG-DRMIT-RFQ-2022-02, en adelante, RFQ Notice (por sus siglas en

---

[1] Véase Orden Administrativa OATA-2023-131 del 14 de julio de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución de la jueza Maritere Brignoni Mártir.

inglés).[2] La subasta tenía el fin de adquirir servicios de arquitectura e ingeniería, bajo los programas federales CDBG-DR y CDBG-MI.[3]

Según el RFQ Notice, el proceso promovía una competencia justa y abierta, mientras se creaba un listado de proponentes cualificados.[4] El documento estableció que las respuestas al RFQ Notice se debían preparar de acuerdo con las instrucciones proporcionadas en el paquete, y las propuestas se recibirían de manera electrónica.[5]

El RFQ Notice dispuso que cada solicitud de cualificaciones debía cumplir con la información técnica requerida. Cada proponente tenía que cumplir con los requisitos obligatorios, de manera que su solicitud de cualificaciones pudiese evaluarse.[6] Estos requerimientos eran evaluados mediante la adjudicación de "Aprobado" o "Reprobado".[7]

Si la solicitud de cualificaciones cumplía con todos los requisitos del RFQ Notice, se aprobaba por cumplir con los requisitos obligatorios.[8] De no reunir todos los requisitos obligatorios, la solicitud de cualificaciones se reprobaba, por incumplir con los requisitos obligatorios.[9] El incumplimiento con todos los requisitos obligatorios del RFQ Notice resultaba en la descalificación del proponente.[10]

Las entidades que sometieron propuestas fueron: Custom Homes, Inc.; CSA Architects & Engineers LLP; Advision, PSC; Hernandez-Bauza, PSC -Architects; DDD Group LLC; Young & de la Sota Architects PSC; ECR Engineering LLC; Corporaciones Profesional Miguel Calzada Arquitectos; Engineered Advantage PSC;

---

[2] Apéndice del recurso págs. 1-94.
[3] Id. pág. 2.
[4] Id.
[5] Id.
[6] Id. pág. 23
[7] Id.
[8] Id.
[9] Id.
[10] Id.

Marvel Architects; Landscape Architects, LLP; Sharetech Group Engineering PSC; RCMdO Arquitectos; Carrasquillo Engineering Services Group PSC; Studio T-SQ2, Inc.; Adorno Arquitectos; Alvarez-Díaz & Villalon; Abacus Architecture, PSC; Sargent & Lundy Puerto Rico, LLC; Arquiteg LLC; O & M Consulting Engineering PSC; Information Studio, LLC y la *aquí recurrente, Díaz Paunetto Arquitectos, LLC*, en adelante DPA.

El 8 de mayo de 2023, la Directora de Adquisiciones del Programa CDBG-DR y CDBG-MIT del Departamento, suscribió un *"Aviso de Adjudicación"*,[11] en adelante, Aviso, que incluyó la *"Resolución"* de la Junta de Subastas del Departamento, en adelante, Junta.[12] En la misma, DPA *quedó excluido del listado de proponentes cualificados.*[13]

La *"Resolución"* ofreció una explicación por la evaluación de cada proponente, incluyendo aquellos que fueron descalificados por alegadamente incumplir con los requisitos financieros obligatorios del RFQ Notice.[14]

El 15 de mayo de 2023, DPA presentó una *"Solicitud de Reconsideración"* ante la Junta.[15] Luego de transcurrido el término establecido sin que la Junta actuara sobre la reconsideración solicitada, se entendió que la misma fue rechazada de plano. Es por esto que DPA presenta ante esta curia el correspondiente escrito de revisión judicial.

El recurrente hace dos planteamientos de error:

Erró la Junta de Subasta y el Departamento de Vivienda al no determinar que el Aviso de Adjudicación del 8 de mayo de 2023 contiene defectos de notificación que la hacen ineficaz, ya que no contiene la información mínima requerida sobre los fundamentos de la decisión de la Junta de Subasta.

---

[11] Apéndice del recurso pág. 244-267.
[12] Id. pág. 249.
[13] Id. pág. 253.
[14] Id. págs. 253-261.
[15] Id. 268-282.

Erró la Junta de Subasta y el Departamento de Vivienda de excluir arbitraria y caprichosamente a DPA del listado de proponentes cualificados, a pesar de haber presentado los documentos financieros obligatorios requeridos por el RFQ CDBG-DRMIT-RFQ-2022-02.

Planteada la controversia, el 17 de agosto de 2023, este Foro le concedió al Departamento un término de veinte (20) días para presentar su alegación responsiva.

En cumplimiento, el 7 de septiembre de 2023, comparece el Departamento mediante una *"Solicitud de Desestimación por Academicidad"*, donde reconoce responsablemente que el recurrido *"evaluó los argumentos presentados por DPA ante este foro, y se percató que **hubo un error** de comunicación entre el Área de Adquisiciones y su consultor financiero, al momento de evaluar la documentación presentada por DPA"*. (Énfasis suplido). Añade el Departamento que *"[p]or ello, el Área de Adquisiciones sometió ante la Junta de Subastas de Vivienda un **'Supplementary Evaluation Committe Report'** con fecha del 31 de agosto de 2023 y un **'Supplementary Recommendation of Award'** con fecha del 1 de septiembre de 2023"*. (Énfasis suplido).

Continua el Departamento indicando que *"el 5 de septiembre de 2023, la **Junta de Subastas reconsideró su determinación original** y determinó recomendar la participación de DPA en la lista de proponentes cualificados en el proceso de referencia, lo que hace el recurso ante nos, **académico"***. (Énfasis suplido).

Presentada la posición del recurrido, le concedimos a DPA un término de cinco (5) días para que expresara las razones por las cuales este Tribunal no debía desestimar el presente recurso por academicidad. Vencido el término sin presentarse la oposición de DPA, estamos en posición de resolver.

**II.**

Es máxima de derecho que los Tribunales están llamados a resolver o adjudicar controversias jurídicas de carácter justiciable.

*Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010). El principio de justiciabilidad circunscribe las facultades de adjudicación que ostentan los Tribunales, a casos con partes que se encuentren en posiciones genuinamente antagónicas, y que desean una intervención oportuna y reparadora. *Super Asphalt v. AFI y otro,* supra; *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 907 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958).

La jurisprudencia ha reiterado que una controversia carece de justiciabilidad cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) ***hechos posteriores al comienzo del pleito han tornado la controversia en académica***; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Super Asphalt v. AFI y otro,* supra; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017).

La justiciabilidad es una doctrina de rango constitucional que persigue el fin de evitar que se obtenga un fallo sobre una controversia o una determinación inexistente o impráctica. *E.L.A. v. Aguayo*, supra, pág. 582. Uno de los resultados de las controversias no justiciables, es la academicidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Nuestro más Alto Foro ha establecido que un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que esta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, supra, pág. 73; *C.E.E. v. Depto. de Estado,* 134 DPR 927, 935 (1993).

Por ello, cuando un caso se torna académico, el foro judicial pierde jurisdicción sobre el mismo, y debe abstenerse de entrar en

la controversia originalmente planteada. *Super Asphalt v. AFI y otro,* supra, pág. 816; *C.E.E. v. Depto. de Estado*, supra, pág. 595-596; *E.L.A. v. Aguayo*, supra. Así pues, la norma de la academicidad impide la creación de precedentes inoportunos. *Super Asphalt Pavement, Corp. v. AFI y otro*, supra; *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

Por su parte, y en reconocimiento de lo anteriormente expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que advenga académico, expresando que:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[...]

(5) ***que el recurso se ha convertido en académico.***

[...]

### III.

El recurrente en el caso de epígrafe compareció ante nos solicitando que revisáramos el Aviso del Departamento, notificado el 8 de mayo de 2023. Primeramente, DPA nos señala que el Aviso en cuestión contenía defectos que la hacían ineficaz.

Por otro lado, DPA alega que, en la determinación recurrida, la Junta erró al concluir que el recurrente no era un proponente cualificado. Aduce DPA que la determinación no estaba debidamente fundamentada, y su exclusión como licitador fue arbitraria. Además, señala como insuficientes las explicaciones ofrecidas para cada una de las evaluaciones.

Sin embargo, la solicitud de desestimación presentada ante esta curia por el recurrido nos priva de autoridad para entrar en los méritos del recurso ante nos, ya que elimina el carácter justiciable

de este. Como señalamos anteriormente, el Departamento evaluó los reclamos de DPA, y *reconoce que los errores señalados se cometieron.* También, el recurrido nos aclara que luego de que el Área de Adquisiciones reconsiderara su postura en cuanto a la evaluación del recurrente, se le recomendó a la Junta incorporar a DPA como un proponente cualificado.

Ante la exposición normativa del principio de justiciabilidad, el reconocimiento y eliminación del error señalado por el recurrente, entendemos que no queda ninguna controversia real que resolver. Como resultado, ***el caso ante nos se ha tornado académico***.

## IV.

Por los fundamentos que anteceden, *se desestima el presente recurso de revisión judicial.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones