Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| GÉNESIS SECURITY SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO (JUNTA DE SUBASTAS)<br><br>Recurrida | KLRA202400537 | Recurso de Revisión Administrativa sobre Adjudicación de Solicitud de Propuesta: (23-RFP-004) Sistema de Vigilancia Virtual para el Programa de Seguridad Pública, Guaynabo PR<br><br>Proveniente de: Junta de Subastas del Municipio Autónomo de Guaynabo |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece Génesis Security Services, Inc. ("Recurrente" o "GSS") mediante *Recurso de Revisión Administrativa* y solicita la revisión de la *Notificación de Adjudicación Enmendada* emitida el 19 de septiembre de 2024, por la Junta de Subastas del Municipio Autónomo de Guaynabo ("Recurridos" o "Junta de Subastas") con relación a la Solicitud de Propuesta 23-RFP-004, sobre Sistema de Vigilancia Virtual para el Programa de Seguridad Pública.

Por los fundamentos que expondremos a continuación, se *Desestima* el recurso de revisión administrativa, por falta de jurisdicción, por academicidad.

**I.**

El 19 de septiembre de 2024, la Junta de Subastas emitió la *Notificación de Adjudicación Enmendada* a favor del licitador agraciado, Arimar, Inc. ("Arimar"), respecto a la Solicitud de Propuesta 23-RFP-004. Inconforme, el 30 de septiembre de 2024, GSS, acudió ante esta Curia

mediante *Recurso de Revisión Administrativa*. El Recurrente le imputó a la Junta de Subastas la comisión del siguiente error:

**Erró la Junta de Subastas del Municipio Autónomo de Guaynabo al adjudicar la SDP aquí impugnada a Arimar, Inc. puesto que su oferta debió haber sido rechazada al no ser responsiva por insuficiencia de documentos.**

Consecuentemente, el 2 de octubre de 2024, la Junta de Subastas presentó una solicitud de desestimación, por academicidad. Los Recurridos expresaron que, evaluado el recurso de revisión presentado por GSS, reconocieron que, en efecto, Arimar no había sometido los documentos correspondientes. Por todo lo cual, la Junta de Subastas dejó sin efecto la *Notificación de Adjudicación Enmendada* y descalificó a Arimar de la Solicitud de Propuesta 23-RFP-004.

Luego de revisar los escritos de las partes, estamos en posición de resolver.

**II.**

El principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia*, 108 DPR 715, 720 (1980); *ELA v. Aguayo*, 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo*, *supra*, a las págs. 558-59.

En ese contexto, un asunto no es justiciable cuando (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva o, (v) cuando se pretende promover un

pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Crespo v. Cintrón*, 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra,* a la pág. 584.

Como se observa, una instancia en la que un caso no es justiciable se suscita cuando la controversia se torna académica. *Íd.* En esencia, se sostiene que un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe, (2) una determinación de un derecho, antes de que haya sido reclamado y (3) una sentencia sobre un asunto que al dictarse no podrá tener efectos prácticos sobre una controversia existente. *San Gerónimo Caribe Project v. ARPe*, 174 DPR 640, 652 (2008). Es decir, que una controversia puede convertirse en académica cuando "su condición viva cesa por el transcurso del tiempo. *UPR v. Laborde Torres*, 180 DPR 253, 280 (2010).

No obstante, nuestro más Alto Foro a reconocido excepciones a la doctrina de academicidad, a saber: (1) una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando la situación de hechos ha sido cambiada por el demandado, pero no tiene visos de permanencia; (3) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. *Íd,* a la pág. 281.

Conforme a lo anterior, cuando un Tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso si de los hechos o del derecho aplicable surge que las circunstancias han variado de tal forma, que no existe una controversia vigente entre partes adversas que amerite su intervención. *Moreno Orama v. UPR, supra*, a la pág. 973.

**III.**

El Recurrente solicita la revisión de la *Notificación de Adjudicación Enmendada*, emitida el 19 de septiembre de 2024, por la Junta de Subastas. En aras de que, la Junta de Subastas reconoció su error y dejó sin efecto el dictamen recurrido, la controversia ante nuestra

consideración se ha convertido en académica y, por lo tanto, carecemos de jurisdicción para atenderla en sus méritos.

**IV.**

Por los fundamentos que anteceden, se *Desestima* el recurso de revisión administrativa, por falta de jurisdicción, por academicidad.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones