## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL XI

| | | |
|---|---|---|
| MARTEL, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE TRUJILLO ALTO<br><br>Recurrido | KLRA202400686 | *Revisión Administrativa* procedente del Municipio de Trujillo Alto<br><br>Subasta Núm.: 2025-026<br><br>Sobre: Impugnación de Subasta |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece Martel, Inc. ("Martel" o "Recurrente") mediante revisión judicial y nos solicita que revisemos la adjudicación de la *Notificación de Resolución de Adjudicación de la Solicitud de Propuesta (RFP) 2025-026 celebrada el 15 de noviembre de 2024*, emitida por la Junta de Subastas del Municipio de Trujillo Alto ("Municipio" o "Recurrido"), el 6 de diciembre de 2024.

Por los fundamentos que expondremos a continuación, se *Desestima* el recurso de revisión administrativa por falta de jurisdicción, por academicidad.

### I.

El 6 de diciembre de 2024, la Junta de Subastas emitió la *Notificación de Resolución de Adjudicación de la Solicitud de Propuesta (RFP) 2025-026 celebrada el 15 de noviembre de 2024*. Mediante el referido dictamen, adjudicó la subasta, 2025-026, a favor de Metric Engineering of Puerto Rico.

Insatisfecho, el 16 de diciembre de 2024, Martel acudió ante esta Curia mediante *Solicitud de Revisión Judicial de Adjudicación de Solicitud de Propuesta del Municipio de Trujillo Alto*. El Recurrente señaló la comisión de los siguientes errores:

Número Identificador
SEN2025_____

**El Municipio abusó de su discreción al no contestar las preguntas de Martel, previo a la entrega de las propuestas.**

**El Municipio cometió error manifiesto y abus[ó] de su discreción en las puntuaciones otorgadas a los proponentes en tres de sus criterios de evaluación.**

**El Municipio cometió error a[l] no entregar copia del expediente completo del RFP a tiempo para poder presentar completa revisión judicial.**

Por su parte, 26 de diciembre de 2024, el Municipio presentó una *Solicitud de Desestimación por Academicidad y de Orden a la Parte Peticionaria-Recurrente*. El Recurrido expuso que, el 20 de diciembre de 2024, la Junta de Subastas canceló la adjudicación de la subasta, mediante la *Resolución y Notificación sobre Cancelación de Adjudicación de la Subasta 2025-026, Aviso de Solicitud de Propuesta (RFP) Adquisición de Sistemas Solares para Semáforos, celebrada el 15 de noviembre de 2024 y notificada la Adjudicación 6 de diciembre de 2024*. Por todo lo cual, arguyó que el recurso ante nos se había tornado académico.

Por su parte, el 24 de enero de 2025, Martel presentó su oposición a la desestimación del recurso. Perfeccionado el recurso y examinados los documentos que obran en el expediente, estamos en posición de resolver.

**II.**

El principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia*, 108 DPR 715, 720 (1980); *ELA v. Aguayo*, 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo, supra*, págs. 558-59.

En ese contexto, un asunto no es justiciable cuando (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos

posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva o, (v) cuando se pretende promover un pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932 (2011); *Crespo v. Cintrón,* 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra,* pág. 584.

Como se observa, una instancia en la que un caso no es justiciable se suscita cuando la controversia se torna académica. *Íd.* En esencia, se sostiene que un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe, (2) una determinación de un derecho, antes de que haya sido reclamado y (3) una sentencia sobre un asunto que al dictarse no podrá tener efectos prácticos sobre una controversia existente. *Íd, San Gerónimo Caribe Project v. ARPe,* 174 DPR 640, 652 (2008). Es decir, que una controversia puede convertirse en académica cuando "su condición viva cesa por el transcurso del tiempo. *UPR v. Laborde Torres,* 180 DPR 253, 280 (2010).

No obstante, nuestro más Alto Foro ha reconocido excepciones a la doctrina de academicidad, a saber: (1) una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando la situación de hechos ha sido cambiada por el demandado, pero no tiene visos de permanencia; (3) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. *Íd.,* pág. 281.

Conforme a lo anterior, cuando un Tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso si de los hechos o del derecho aplicable surge que las circunstancias han variado de tal forma, que no existe una controversia vigente entre partes adversas que amerite su intervención. *Moreno Orama v. UPR, supra,* pág. 973.

**III.**

El Recurrente solicita la revisión de la *Notificación de Resolución de Adjudicación de la Solicitud de Propuesta (RFP) 2025-026 celebrada el 15 de noviembre de 2024.* En aras de que, la Junta de Subastas canceló la adjudicación de la subasta, la controversia ante nuestra consideración se

ha convertido en académica. Por todo lo cual, carecemos de jurisdicción para atenderla en sus méritos.

**IV.**

Por los fundamentos que anteceden, se *Desestima* el recurso de revisión administrativa, por falta de jurisdicción, por academicidad.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones