Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| WEST SECURITY SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS MUNICIPIO DE RINCÓN<br><br>Recurrido | TA2025RA00096 | *Revisión Judicial* procedente de la Junta de Subasta del Municipio de Rincón<br><br>Sobre: Impugnación de Subasta<br><br>Subasta Núm. 6 2024-2025, Renglón 02 Serv. de Seguridad |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2025.

La parte recurrente, West Security Services, Inc., comparece ante nos para que dejemos sin efecto una determinación notificada por la Junta de Subastas del Municipio de Rincón, (en adelante "Junta de Subastas" o "parte recurrida"), el 10 de julio de 2025. Mediante la misma, el organismo adjudicó la Subasta Número 6-2024-2025, Renglón 02: Servicios de Seguridad, a favor de la compañía Executive Security Organization, LLC. Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

### I

Según surge, el 5 de junio de 2025, el Municipio Autónomo de Rincón publicó el correspondiente aviso para participar en la Subasta #6-2024-2025, la cual abarcaba los Renglones 1 al 3. Conforme se desprende del aviso publicado, la fecha límite para someter propuestas era el 17 de junio de 2025.

Así las cosas, el 10 de julio de 2025, la Junta de Subastas emitió una notificación en la cual informó que se había adjudicado la *buena pro* de la Subasta #6-2024-2025, en específico, el Renglón

02: Servicios de Seguridad, a la compañía Executive Security Organization, LLC.

En desacuerdo, el 21 de julio de 2025, la parte recurrente presentó la revisión judicial que nos ocupa. En su escrito, planteó los siguientes señalamientos de error:

> Erró la Junta de Subastas del Municipio de Rincón y actuó de manera arbitraria y caprichosa, en violación al debido proceso de ley, al no cumplir con los criterios jurisprudenciales vigentes en torno a la adjudicación de subastas.

> Erró la Junta de Subastas del Municipio de Rincón al no incluir en su notificación las razones por las cuales no se les adjudicó la subasta a los demás licitadores.

Por su parte, el 28 de julio de 2025, la parte recurrida compareció ante nos mediante *Moción Solicitando Desestimación por Academicidad*. En el escrito expresó que, al recopilar el expediente de la subasta en controversia, se percató que erró en la evaluación de la información que incidió en su decisión. A los fines de corregir el error administrativo, el 23 de julio de 2025, la Junta de Subastas emitió una *Resolución Dejando sin Efecto Notificación del de 10 de julio de 2025 y Nueva Notificación de Adjudicación.* En esta, notificó que, dejó sin efecto la determinación recurrida y, por entender que era el mejor postor con la oferta más económica, adjudicó la *buena pro* de la subasta en cuestión a la parte recurrente. A tenor con ello, solicitó la desestimación del presente recurso por entender que no existía controversia alguna pendiente de adjudicación, tornando el asunto en uno académico.

En consecuencia, el 14 de agosto de 2025, dictamos *Resolución* a los fines de requerirle a la parte recurrente mostrar causa por la cual este Foro no debería desestimar su recurso. El 18 de agosto de 2025, la parte recurrente compareció ante nos mediante *Moción en Cumplimiento de Orden* en la cual, igualmente, solicitó la desestimación del presente recurso por entender el asunto se había tornado en académico.

A tenor con lo antes expuesto, procedemos a resolver.

**II**

Como norma, los tribunales sólo están llamados a atender asuntos de carácter justiciable. *Buxó Santiago v. ELA et als.*, 2024 TSPR 130, 215 DPR ___ (2024); *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014). La doctrina de justiciabilidad exige la adjudicación de casos o controversias genuinas entre partes opuestas, que tienen un interés legítimo en obtener un remedio capaz de afectar sus relaciones jurídicas, permitiendo, así, la intervención oportuna y eficaz de los tribunales. *Super Asphalt v. AFI y otro,* supra; *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 907 (2010); *ELA v. Aguayo,* 80 DPR 552, 584 (1958). Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida. *San Gerónimo Caribe Project v. A.R.Pe.,* 174 DPR 640, 652 (2008). Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real. *Ortiz v. Panel F.E.I.*, 155 DPR 219, 251 (2001).

En virtud de lo anterior, se reconoce la doctrina de la academicidad como una vertiente del principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Como norma, un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador,* 199 DPR 59, 73 (2017); *C.E.E. v.*

*Depto. de Estado*, 134 DPR 927, 935 (1993). De esta forma, los cambios fácticos acaecidos durante el cauce de determinado caso que tornen en ficticia su solución, tienen el efecto de privar de jurisdicción al foro judicial. *Super Asphalt v. AFI y otro*, supra, pág. 816. Por tanto, para que se pueda evaluar los méritos del caso, la controversia debe estar viva aun en las etapas de apelación o revisión. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999). Ante ello, es preciso concluir que el propósito de esta norma es evitar el uso inadecuado de los recursos judiciales y obviar la creación de precedentes innecesarios. *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

Por su parte y en reconocimiento de lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR ___ (2025), provee para solicitar la desestimación de todo recurso por haber advenido académico. En lo pertinente, expresamente indica que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>> (4) que el recurso es frívolo y surge claramente que no se ha presentado controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
>> (5) que el recurso se ha convertido en académico.

### III

En su comparecencia ante nos, el Municipio Autónomo de Rincón informó que, luego de evaluar el presente recurso, la Junta de Subastas dejó sin efecto la determinación recurrida y adjudicó la *buena pro* de la Subasta Número 6-2024-2025, Renglón 02: Servicios de Seguridad, a favor de la parte recurrente. Dicha acción

tuvo el efecto de tornar en ineficaz la controversia sometida a nuestra consideración, por lo que una expresión de nuestra parte al respecto constituiría un ejercicio fútil.

Así pues, no podemos sino resolver que carecemos de autoridad para entender sobre los méritos de la causa de autos por los cambios fácticos acaecidos que ocasionaron que la controversia traída a nuestra consideración perdiera su actualidad. Consecuentemente, decretamos la desestimación del recurso de epígrafe, a tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones, supra.

**IV**

Por los fundamentos antes expuestos, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones