Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| Freddy García Tatis<br><br>Peticionario<br><br>Vs.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO; SRA. ENID ORTIZ RODRÍGUEZ, ADMINISTRADORA DEL FONDO DEL SEGURO DEL ESTADO<br><br>SR. ROBERTO APONTE OLIVERAS<br><br>Recurridos | TA2025RE00009 | *MANDAMUS* procedente de la Comisión Apelativa del Servicio Público<br><br>Caso CASP: 2015-06-3839<br><br><br>Sobre:<br><br>NULIDAD DE RECLUTAMIENTO Y SELECCIÓN; MANDAMUS |

Panel integrado por su presidente, el Juez Rivera Colón, la Jueza Romero García y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece la parte peticionaria, el señor Freddy García Tatis, solicita que ordenemos a la Corporación de Fondo del Seguro del Estado ("CFSE") a cumplir con la *Resolución* de la CASP 2015-06-3839 emitida por la Comisión Apelativa del Servicio Público de Puerto Rico ("CASP") el 20 de marzo de 2024. Examinado el asunto, concedimos término a la corporación pública para presentar su alegato escrito. El 28 de octubre de 2025 la parte recurrida compareció mediante una moción de desestimación.

Por los fundamentos que expondremos a continuación, desestimamos por academicidad el auto de *mandamus*.

### -I-

La parte peticionaria, el señor Freddy García Tatis es un empleado de carrera en la Corporación del Fondo del Seguro del Estado ("CFSE") desde el 1996. Al momento de los hechos relatados

en la apelación administrativa, la parte peticionaria ocupaba el puesto de Técnico de Radiología, CT SCAN y MRI en la Oficina Regional de Ponce. El 2 de febrero de 2015 el director asociado interino de Recursos Humanos envió una misiva a la entonces presidenta del Banco Gubernamental de Fomento para solicitar su endoso para convocar dos puestos generales de Supervisor Regional. El 27 de febrero de 2015 la entidad gubernamental emitió el endoso de aprobación para la contratación del puesto de Supervisor de Radiología en la Oficina Regional de Ponce. La CFSE incluyó a la parte recurrida como candidato para el puesto. La CFSE entrevistó a los candidatos, y el 3 de junio de 2015 el recurrido fue notificado sobre su inelegibilidad, y la selección de otro candidato.

El 30 de junio de 2015 la parte peticionaria presentó por derecho propio la *Apelación Administrativa* Núm. 2015-06-3839, *Freddy García Tatis v. Corporación del Fondo del Seguro del Estado* ante la Comisión Apelativa del Servicio Público de Puerto Rico ("CASP"). Solicitó la anulación del proceso de selección y nombramiento realizado. Aseguró que, el procedimiento fue contrario a las disposiciones de la Ley Núm. 66-2014, conocida como *La Ley especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado*, según enmendada, 3 LPRA secs. 9101-9153. El 30 de marzo de 2022 la CASP celebró la Vista Adjudicativa del caso, y el asunto quedó sometido. El 20 de marzo de 2024, la CASP emitió, y notificó, la resolución recurrida donde declaró *Ha Lugar* la apelación administrativa, y concedió tres remedios:

1. **SE ANULA** el proceso de reclutamiento y selección del puesto número 5688- Supervisor de Radiología.

2. **SE ANULA** la Convocatoria número 52-2 para ocupar el puesto número 5688- Supervisor de Radiología en la Oficina Regional de Ponce.

    3. **SE ORDENA** a la APELADA a ocupar el puesto número 5688- Supervisor de Radiología, conforme a las disposiciones de la Ley Núm. 66-2014.

A solicitud de parte, la CASP emitió una resolución en reconsideración donde confirmó la anulación del reclutamiento, pero ordenó ocupar el puesto "conforme a las disposiciones legales aplicables en la actualidad". El 27 de febrero de 2025 este Honorable Tribunal confirmó la *Resolución* de la CASP 2015-06-3839 mediante Sentencia. La CFSE presentó una *Solicitud de Reconsideración* la cual fue resuelta el 25 de marzo de 2025 por este Honorable Tribunal. Luego la CFSE presentó una petición de *certiorari* al Tribunal Supremo, la cual no fue acogida por lo que la resolución advino final y firme. No obstante haber advenido final y firme la Resolución emitida el 19 de abril de 2024 por CASP, el señor Roberto Aponte Oliveras continuaba desempeñando de manera *ultra vires* las funciones como supervisor de radiología en la CFSE, Oficina Regional de Ponce. Mediante carta de 13 de agosto de 2025 la representación legal de la parte peticionaria notificó carta a las representantes legales de la CFSE y de la parte interventora, requiriéndole a la CFSE cumplir con la Resolución de 20 de marzo de 2024 emitida por CASP, es decir, con la anulación del reclutamiento del Sr. Roberto Aponte Oliveras.

Así las cosas, la parte peticionaria comparece mediante este recurso extraordinario y solicita que ordenemos a la CFSE, y a su administradora, a acatar, y cumplir con la *Resolución* emitida el 20 de marzo de 2024 por CASP, mediante la cual se anuló la convocatoria número 52-15 para el puesto 5688 de la clase de Supervisor de Radiología.

Examinado el asunto, concedimos término a la corporación pública para presentar su alegato escrito. El 28 de octubre de 2025 la parte recurrida compareció mediante una moción de desestimación. En su escrito la corporación informó que, el 5 de

septiembre de 2025, la Administradora de la CFSE, notificó al señor Roberto Aponte, su separación del puesto de carrera 5699, efectivo al 8 de septiembre de 2025. Además, informó que, la convocatoria relacionada fue anulada. Por ello, concluye haber cumplido con su deber ministerial y solicitó la desestimación del presente recurso por haberse tornado académico.

Examinado el recurso, procedemos a resolver con el beneficio de la comparecencia de las partes y el derecho aplicable.

### -II-

### -A-

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military*, 160 DPR 270, 277 (2003). No obstante, debido a la importancia de que las actuaciones de los tribunales sean dentro del marco de su jurisdicción, es una doctrina reiterada por el Tribunal Supremo de Puerto Rico que debemos ser celosos guardianes de esta. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 369 (2002). Por lo tanto, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción sobre ella. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007). El Tribunal Supremo ha expresado que un pleito se torna académico cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958). Es decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 281 (2010).

Además, resulta importante puntualizar que, por imperativo constitucional, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado*, 134 DPR 927, 935-936 (1993). Así pues, el propósito de la aludida doctrina evita el uso inadecuado de recursos judiciales. A su vez, la doctrina de academicidad da vida al principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

Por otro lado, al examinar si un caso es académico, se deben evaluar los eventos anteriores, próximos y futuros, para determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. En cambio, de no ser así, los tribunales están impedidos de intervenir. *U.P.R. v. Laborde Torres y otros I, supra*, pág. 281.

### -*III*-

En el presente caso, la parte peticionaria solicitó que este Honorable Foro ordenara a la Corporación del Fondo del Seguro del Estado (CFSE) cumplir con su deber ministerial de anular la Convocatoria Núm. 52-2 para ocupar el puesto Núm. 5688 —Supervisor de Radiología en la Oficina Regional de Ponce—, posición que ejercía el Sr. Roberto Aponte Oliveras. Además, solicitó la imposición de sanciones diarias de $100.00 a favor del Secretario de Hacienda por alegado incumplimiento con el mandato de este Foro, así como el pago de costas y honorarios de abogados por una suma no menor de $5,000.00.

Por su parte, la CFSE, mediante su Administradora, expuso que cumplió cabalmente con lo ordenado. La agencia anuló la Convocatoria Núm. 52-2 y el proceso de reclutamiento y selección correspondiente al puesto Núm. 5688, e igualmente separó del cargo

al Sr. Roberto Aponte Alicea, notificándole tal determinación mediante carta fechada el 5 de septiembre de 2025.

En vista de que la CFSE ejecutó las acciones requeridas por con la Resolución de la CASP 2015-06-3839 y por este Honorable Tribunal, la controversia planteada se tornó académica. Por tanto, no procede la expedición del auto de mandamus ni la consideración de los demás remedios solicitados por la parte peticionaria, ya que el objeto del recurso ha sido satisfecho por el cumplimiento ministerial de la agencia recurrida.

A tenor con el marco jurídico expuesto, los tribunales perdemos la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado, supra,* págs. 935-936. Al haber cumplido con lo requerido por la CASP, cualquier orden emitida hacia la parte recurrida por este Tribunal constituirá una actuación judicial inservible, sin consecuencia alguna.

En virtud de ello, y conforme a lo dispuesto en la Regla 83(B)(5) y 83(C) del Reglamento de este Tribunal de Apelaciones, desestimamos el recurso del título por académico.

### *-IV-*

Por los fundamentos antes expresados, los cuales hacemos formar parte de esta Sentencia, *desestimamos* el presente recurso por falta de jurisdicción, por academicidad, en consecuencia, declaramos *No Ha Lugar* los remedios solicitados por la parte peticionaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones