Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| MARÍA DE LOURDES MARTÍNEZ Y OTROS<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>HOSPITAL GENERAL MENONITA, INC. Y OTROS<br><br>Demandados<br><br>Admiral Insurance Company, Inc.<br>Demandado-Peticionario | TA2025CE00788 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. C DP2012-0222<br><br>Sala: 4031<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

La parte peticionaria Admiral Insurance Company, Inc. (en adelante, parte peticionaria o Admiral), comparece ante nos y solicita que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Arecibo, el 9 de octubre de 2025. Mediante la misma, el foro primario permitió y ordenó realizar un descubrimiento de prueba, solicitado por la señora María de Lourdes Martínez (en adelante, señora Martínez o recurrida), todo dentro de una demanda sobre daños y perjuicios incoada por la recurrida y otros demandantes.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por falta de jurisdicción.

*-I-*

El 14 de diciembre de 2012 se presentó la *Primera Demandada Enmendada,* sobre daños y perjuicios. Luego de varias enmiendas a la demanda de epígrafe, el foro primario emitió una *Orden* el 9 de

octubre de 2025. De la referida orden surge que el foro primario examinó la *Posición en Torno a Moción Orden Protectora de Admiral Insurance Company y Solicitud de Orden para Compeler Descubrimiento*, presentada por la recurrida. Mediante la misma, ordenó que se llevara a cabo un descubrimiento de prueba referente a comunicaciones con peritos consultados y sus comunicaciones, informes o recomendaciones.

Inconforme con el dictamen, y luego de denegada una previa solicitud de reconsideración, la parte peticionaria presentó el 20 de noviembre de 2025, el auto de *Certiorari* ante nos. Conjuntamente, solicitó la paralización de los procedimientos en auxilio de nuestra jurisdicción, petición que, mediante *Resolución* del 21 de noviembre de 2025, accedimos. En el recurso presentado, la parte peticionaria señaló los siguientes errores:

> Erró el TPI al ordenar la divulgación de comunicaciones, informes y recomendaciones de peritos consultores de Admiral sin que la recurrida demostrara, de forma específica y detallada, la existencia de circunstancias excepcionales que hicieran impracticable obtener por otros medios información sustancialmente equivalente.

> Erró el TPI al convertir en "circunstancia excepcional" la propia falta de diligencia de la recurrida en el descubrimiento de prueba a lo largo de años, cuando pudo utilizar interrogatorios, requerimientos, citaciones y deposiciones a ESG y sus testigos, avalando así su inacción procesal.

Posteriormente, la recurrida presentó el 22 de noviembre de 2025, *Moción al Amparo de la Regla 83 por Academicidad del Recurso Solicitado por Admiral Insurance Company, Inc.*[1] Mediante la misma, solicitó la desestimación del recurso presentado debido a que la recurrida había renunciado a tomar la deposición contra Admiral. Así, adujo que se tornaba en académico el recurso presentado ante nuestra consideración.

---

[1] *Íd,* SUMAC TA, Entrada Núm. 7.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

## -II-

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. *Rodríguez v. Overseas Military*, 160 DPR 270, 277 (2003). No obstante, debido a la importancia de que las actuaciones de los tribunales sean dentro del marco de su jurisdicción, es una doctrina reiterada por el Tribunal Supremo de Puerto Rico que debemos ser celosos guardianes de esta. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 369 (2002). Por lo tanto, si una controversia no es justiciable, quiere decir que el tribunal está impedido de resolverla, por carecer de jurisdicción sobre ella. Es decir, "[l]a doctrina de la justiciabilidad de las causas gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de los mismos". *Smyth, Puig v. Oriental Bank*, 170 DPR 73, 75 (2007). El Tribunal Supremo ha expresado que un pleito se torna académico cuando se intenta obtener una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958). Es decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 281 (2010).

Además, resulta importante puntualizar que, por imperativo constitucional, los tribunales pierden la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado*, 134 DPR

927, 935-936 (1993). Así pues, el propósito de la aludida doctrina evita el uso inadecuado de recursos judiciales. A su vez, la doctrina de academicidad da vida al principio de justiciabilidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

Por otro lado, al examinar si un caso es académico, se deben evaluar los eventos anteriores, próximos y futuros, para determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. En cambio, de no ser así, los tribunales están impedidos de intervenir. *U.P.R. v. Laborde Torres y otros I, supra*, pág. 281.

Finalmente, la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada*, In re aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs.109-110, 215 DPR ___ (2025), establece que, a solicitud de parte, este foro apelativo puede desestimar un recurso de apelación si se ha convertido en académico.

### *-III-*

En el presente caso, la parte peticionaria presentó el recurso ante nuestra consideración solicitando que se dejara sin efecto una *Orden* emitida por el foro primario, en la cual indicó que se permitía el descubrimiento de prueba en cuanto a peritos consultados y sus comunicaciones, informes o recomendaciones independientemente fueran utilizados en el juicio, solicitado por la recurrida. Sin embargo, la recurrida renunció a ejercer el descubrimiento de prueba contra Admiral, por lo cual nos solicitó que se desestimara la causa presentada.

En vista de que la recurrida desistió al descubrimiento de prueba solicitado por ésta, la controversia planteada ante nuestra consideración se tornó en académica. A tenor con el marco jurídico expuesto, los tribunales perdemos la jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que la misma pierda su actualidad, de modo que el remedio que pueda

dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado, supra,* págs. 935-936.

En virtud de lo anterior, y conforme a lo dispuesto en nuestro Reglamento, desestimados el recurso por académico.

### *-IV-*

Por los fundamentos antes expresados, los cuales hacemos formar parte de esta Sentencia, *desestimamos* el presente recurso por falta de jurisdicción. Se deja sin efecto la paralización decretada por este Foro mediante resolución emitida el 21 de noviembre de 2025.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones